■ BARBARA KRAUS et al., Respondents, v ROBERT BRANDSTETTER et al., Defendants, and EMIL E. MAFFUCCI et al., Appellants.—In an action to recover damages for defamation, conspiracy, loss of consortium, and wrongful termination of employment, the appeal is from an order of the Supreme Court, Westchester County (Donovan, J.), entered July 3, 1990, which denied the appellants' motion for a protective order.

Ordered that the order is reversed, with costs, the motion is granted, and the plaintiffs are directed to return to the New Rochelle Medical Center two documents, each designated a "Law Committee Report", dated December 22, 1987, and May 19, 1988, respectively, within 20 days after service upon them of a copy of this decision and order, with notice of entry.

The Supreme Court erred in denying the appellants' motion for a protective order with respect to the two reports issued by the defendant hospital's Law Committee. Viewing the reports in context, it is clear that they were made in order to render legal services or advice to the hospital and thus are afforded the protection of the attorney-client privilege (see, Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371). The Law Committee was comprised entirely of attorneys whose function and purpose was not to act as an additional investigator of the facts but to determine whether another committee's findings had been based upon sufficient evidence, to address issues such as the legality of bringing charges against a member of the medical staff, and to interpret the hospital's by-laws. These were legal concerns. Although the Supreme Court appears to have been influenced by the statement of facts set forth in the reports, a recital of facts in a legal opinion does not defeat the attorney-client privilege (see, Rossi v Blue Cross & Blue Shield, 73 NY2d 588). The information simply was presented in order to provide a factual basis for the legal recommendations contained therein. Although outside counsel was not retained, courts have long recognized that confidential internal memoranda between in-house counsel and employees are protected by the attorney-client privilege (see, Rossi v Blue Cross & Blue Shield, supra).

Nor do we find that the attorney-client privilege was waived by the appellants. The fundamental questions in assessing whether the attorney-client privilege is waived are whether the client intended to retain the confidentiality of the privileged materials and whether the client took reasonable steps to prevent disclosure (see, Manufacturers & Traders Trust Co. v Servotronics, 132 AD2d 392). In this case, the subjective intent to waive the privilege cannot be attributed to the defendant hospital because the reports were never intentionally placed outside of the group of management employees affiliated with the hospital and involved in the investigation. The hospital had a reasonable expectation that the information communicated in the reports would remain confidential due to the common interest of each recipient in the investigation. Further, the hospital immediately asserted the privilege

after learning that counsel for the plaintiff had obtained the reports.

We have examined the appellants' remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.