**John B. NANCE, et al.**

v.

**THOMPSON MEDICAL CO.**

**Civil Action No. 2:95cv158.**

United States District Court,
E.D. Texas,
Marshall Division.

May 2, 1997.

Order on Reconsideration May 9, 1997.

Joe Bryan Lovelace, Needham Johnson Lovelace Sloan & Johnson, Dallas, TX, Barry L. Steelman, Baltimore, MD, for John B. Nance, Denson Kendrick, Bessie Kendrick.

Barry L. Steelman, Baltimore, MD, for James Ford Nance.

Michael L. Dunn, Smead Anderson Wilcox & Dunn, Longview, TX, Vincent Steven Walkowiak, Fulbright & Jaworski, Dallas, TX, for Thompson Medical Co. Inc.

*ORDER*

McKEE, United States Magistrate Judge.

■ Pending before the Court is the plaintiffs' motion for sanctions as well as documents submitted for *in camera* inspection. Thirty-five documents from the First Privilege Log remain for the court's inspection. The other documents within the First Privilege Log were disclosed pursuant to this Court's April 15, 1997 Order. Documents also have been submitted from the defendant's First, Second, and Third Supplemental Privilege Log. These documents amount to between 200 to 300 pages of material. The defendant claims attorney-client privilege for most of the documents submitted, and claims attorney work product privilege for the remaining few. The burden of proving the existence of a privilege lies with the party asserting it. *See Manufacturers and Traders Trust Co. v. Servotronics, Inc.*, 132 A.D.2d 392, 522 N.Y.S.2d 999 (4th Dep't 1987).

■ Claims of attorney-client privilege are governed by the law of the state where the communication was made. Fed.R.Evid. 501. The defendant is a New York corporation, formerly based in New York City, that is currently headquartered in Florida. The defendant's in-house counsel maintains a New York office. Under New York law, the attorney-client privilege applies to confidential communications between a client and his or her attorney. Corporations, as other clients, may avail themselves of this privilege. *Rossi v. Blue Cross and Blue Shield of Greater New York*, 73 N.Y.2d 588, 592, 542 N.Y.S.2d 508, 540 N.E.2d 703 (1989). The attorney-client privilege applies to communications with attorneys, whether corporate staff counsel or outside counsel. *Id.* Disclosure of privileged communications to non-lawyers within the company involved in the subject matter of the communication does not waive the privilege. *Kraus v. Brandstetter*, 185 A.D.2d 300, 301, 586 N.Y.S.2d 270 (2d Dep't 1992). As long as the communication is made, either from client to attorney or attorney to client, for the purpose of facilitating or obtaining legal advice in the course of a professional relationship, that communication is privileged. *Rossi*, 73 N.Y.2d at 593–94, 542 N.Y.S.2d 508, 540 N.E.2d 703.

■ Claims based solely upon attorney work product are governed by Federal Rule of Civil Procedure 26(b). *Dunn v. State Farm Fire & Casualty Co.*, 927 F.2d 869, 875 (5th Cir.1991). The attorney work product doctrine is codified in Federal Rule of Civil Procedure 26(b)(3). That rule provides:

> a party may obtain discovery of documents and tangible things ... prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. Pro. 26(b)(3). Thus, the work product doctrine protects from discovery materials prepared by an attorney in preparation for litigation. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *In re Grand Jury Proceedings*, 601 F.2d 162, 171 (5th Cir.1979). The doctrine protects not only materials prepared by a party but also materials prepared by a representative of a party, including attorneys, consultants, agents, or investigators. *United States v. Nobles*, 422 U.S. 225, 238–39, 95 S.Ct. 2160, 2170–71, 45 L.Ed.2d 141 (1975).

■ Neither the attorney-client privilege nor the work product privilege is absolute; both privileges can be waived. The protections afforded under the work product privilege are greater than those afforded under the attorney-client privilege. For example, the attorney-client privilege is waived if the "holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the matter or communication." *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 478 (S.D.N.Y.1993) (citations omitted); *see also Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 381 (5th Cir.1989). Waiver of the attorney-client

privilege does not require that the privilege holder intentionally relinquish a known right. *Bowne*, 150 F.R.D. at 479. "If he voluntarily undertakes actions that will predictably lead to the disclosure of the document, then waiver will follow." *Id.* Waiver occurs even if the disclosure was made for a proper purpose to a person with an interest that is common to him and the privilege holder, unless that common interest is the receipt of an attorney's legal services. *Id.* (Citations omitted).

■ Contrastingly, the mere voluntary disclosure to a third person is insufficient in itself to waive the work product privilege. *In re Grand Jury Proceedings*, 43 F.3d 966, 970 (5th Cir.1994); *Shields*, 864 F.2d at 382. The Fifth Circuit has held that the work product privilege is waived when the attorney requests the witness to disclose the information, when the attorney discloses the information to the court voluntarily, or when the attorney makes no objection. *Shields*, 864 F.2d at 382.

■ Waiver of either the attorney-client privilege or the attorney work product privilege can also occur when a party fails to state a privilege objection in the "privilege log" as required under Federal Rule of Civil Procedure 26(b)(5). *See* Fed.R.Civ.P. 26(b)(5), Advisory Committee Notes (1993 Amend.) ("To withhold materials without such notice is contrary to the rule ... and may be viewed as a waiver of the privilege or protection."); *see also Mackey v. IBP, Inc.*, 167 F.R.D. 186 (D.Kan.1996), *reconsideration overruled*, 1996 WL 417513 (D.Kan.1996).

### Findings and Conclusions

The Court begins by rejecting the plaintiffs' argument that a public health exception should be recognized in this case to override any claims of privilege asserted by the defendant. The value of the authority cited by the plaintiffs in support is not yet clear,[1] and does not precisely address the situation facing this Court in the case at bar.

Upon conducting the *in camera* inspection, the Court further finds that most of the submitted documents which have yet to be disclosed are protected from disclosure by the various privileges asserted. However, the following documents are not entitled to protection and must be disclosed:

***Document # 8;*** Claimed privilege: Attorney–Client

■ This document is not for the purpose of facilitating or obtaining legal advice in the course of a professional relationship, but instead tells an attorney to set up a meeting with the Commissioner of the FDA.

***Document # 11;*** Claimed privilege: Attorney–Client

■ The defendant has waived the attorney-client privilege by sending this memorandum and information to Diane Bach from Nonprescription Drug Manufactures Association (N.D.M.A.). N.D.M.A. markets over the counter appetite suppressants containing PPA. It is a trade association representing the manufacturers and distributors of nonprescription medicines. Communications to a trade association representative are not deemed part of the attorney-client relationship as consultants at N.D.M.A. are not within the corporation. *Kraus v. Brandstetter*, 185 A.D.2d 300, 301, 586 N.Y.S.2d 270 (2d Dep't 1992).

***Documents # 3, 4, 5, 14, 15, 16, 20, 37, 39;*** Claimed privilege: Attorney–Client

■ These documents were either authored by or copied to Dr. H. Silverman, a representative of a public relations firm acting as a consultant to the defendant corporation. *In camera* Brief at 19, 20. Any communications to, copied to, or from Dr. H. Silverman make the attorney-client privilege inapplicable or waived. Dr. Silverman is not an officer or employee of the corporation, but is an outside consultant. Although some of these documents appear confidential in the

---

1. Plaintiffs cite *Sackman v. Liggett Group Inc.*, 920 F.Supp. 357 (E.D.N.Y.1996), which is pending further consideration. *See Sackman v. Liggett Group*, 167 F.R.D. 6, 23 (E.D.N.Y.1996).

nature of attorney work product, that privilege was never asserted; thus it is waived.

### Document # 25; Claimed privilege: Attorney–Client

 The first page of document # 25 is entitled to the attorney-client privilege per the explanation outlined in the defendant's *in camera* brief. However behind this document are two pages which are never addressed by the defendant. As no explanation is given with respect to these two pages and which privilege may apply, and as the burden rests with the party asserting the privilege, the defendant has failed to meet its burden and must produce these two pages.

### Document # 32; Claimed privilege: Attorney–Client

 This document is from the defendant corporation to Tim Wenz, a representative of a public relations agency, working on behalf of the defendant's trade association, N.D.M.A. Any communications with Tim Wenz does not fall within the attorney-client privilege or such privilege is waived by disclosing material to a third party. Tim Wenz works for a public relations agency. Document # 32 looks more like attorney work product, but that privilege was never asserted, and thus is deemed waived.

### Document # 36; Claimed privilege: Attorney–Client

 This group of documents within index tab # 36 is problematic. The first eight pages appear to be what the defendant represents them to be and are entitled to the a memorandum to numerous people who are not identified. It is thus impossible for the Court to determine if any privilege applies or is waived as it cannot discern who has received this communication. Pages 15 through 22 are entirely illegible. As the burden is on the defendant who is asserting the privilege, the Court finds that the defendant has not met its burden and must disclose a legible copy of pages 15 through 22 within index tab # 36.

### Motion for Sanctions

The Court finds that sanctions are not warranted in this case. Thus the plaintiffs' motion for sanctions is denied.

### Conclusion

Accordingly, it is

ORDERED that Documents # 3, 4, 5, 8, 11, 14, 15, 16, 20, 25, 32, 36, 37, and 39 of the First Privilege Log shall be disclosed to counsel for the plaintiffs no later than May 7, 1997. It is further

ORDERED that the plaintiffs' motion for sanctions is DENIED.

### ORDER

Pending before the Court is the defendant's Motion for Reconsideration submitted *in camera* and under seal. The defendant asks the Court to reconsider two aspects of the May 2 Order: the ruling regarding documents involving Dr. H. Silverman and the ruling regarding waiver of the attorney work product privilege.

The Court will not reconsider its ruling regarding waiver of the attorney work product privilege. The defendant argues that an improperly stated objection, per se, in the privilege log does not waive the work product privilege. The defendant characterizes its actions as an inadvertent mischaracterization. The Court disagrees. This is not a situation where a privilege log with inadvertent omissions was sent to the opposing side. After the privilege log was submitted, this Court gave the defendant the opportunity to provide the contested documents for an *in camera* inspection and further provided the defendant with an opportunity to brief and argue which privileges applied with respect to the contested documents. The Court allowed this brief to be filed under seal and *in camera*. Not only did the privilege log fail to assert the attorney work product privilege, but the defendant's brief failed to make any reference to the attorney work product privilege with respect to those documents at is-

sue, only asserting and arguing attorney-client privilege. The defendant never stated that those documents were "prepared in anticipation of litigation" and never provided any affidavits to that effect. Although the Court noticed that some of the documents at issue could be considered work product, they could also be documents generated in the regular course of business. The Court cannot be sure because the defendant never met its burden to establish the work product privilege.

The Court cannot serve as an overseer of the parties' various privileges. That is the role of counsel for the defendant. Defendant has had every opportunity to assert those privileges for which it is entitled. Those privileges not asserted for discovery purposes are deemed waived. The Court stands by its prior ruling in the May 2 Order.

In the May 2 Order, the Court ordered that Documents # 3, 4, 5, 14, 15, 16, 20, 37, and 39 be disclosed to the plaintiffs because they were either authored by or copied to Dr. H. Silverman. With respect to the documents regarding Dr. H. Silverman, the Court has been informed that there are two Dr. H. Silvermans, and their different identities were not made clear to the Court during the *in camera* inspection.[1] Dr. H.M. Silverman is a representative of a public relations firm. Dr. H.I. Silverman served as a scientific consultant for the defendant between 1958 and 1985. From 1985 through June 30, 1991, Dr. H.I. Silverman was the defendant's employee, serving as the company's Vice President and Scientific Director. Beginning on July 1, 1991, Dr. H.I. Silverman again became a scientific consultant to the defendant, but was not the defendant's employee.

■ Documents # 14, 15, 16, and 37 were distributed to Dr. H.I. Silverman when he was a high-level employee of the defendant. Thus the Court finds that those documents are entitled to attorney-client privilege and amends its May 2 Order accordingly. How-ever, Documents # 3, 4, 5, 20, and 39 were either distributed to or authored by Dr. H.I. Silverman when he was serving as an outside consultant, not an employee of the defendant. Once again, the Court stands by its prior ruling in the May 2 Order and finds that the attorney-client privilege was waived, and the documents must be disclosed. Accordingly, it is

ORDERED that the defendant's motion for reconsideration is GRANTED IN PART. It is further

ORDERED that the Court's May 2 Order is amended only to reflect that Documents # 14, 15, 16, and 37 are protected by the attorney-client privilege and need not be disclosed to the plaintiffs. It is further

ORDERED that the Court's May 2 Order otherwise stays in effect, and Documents # 3, 4, 5, 20, and 39 must be disclosed to the plaintiffs due to waiver of the attorney-client privilege. It is further

ORDERED that the defendant's motion to reconsider the Court's ruling regarding waiver of the attorney work product privilege is DENIED. The Court stands by its prior ruling in the May 2 Order, and those documents for which the Court found a waiver of the attorney work product privilege must be disclosed to the plaintiffs. It is finally

ORDERED that the disclosure of documents pursuant to the May 2 Order and this Order shall occur by May 12, 1997.

---

1. For Example, Documents # 14 and # 15 were copied to "H. Silverman." Additionally, the privilege logs only refer to "H. Silverman." No distinction is made between H.M. Silverman and H.I. Silverman in the privilege log.