In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Nicolas Raio, appeals, as limited by *812 his brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered September 21, 2011, as denied, as untimely, his motion for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the order is affirmed insofar as appealed from, with costs.
The Supreme Court properly declined to consider the merits of the appellant’s motion for summary judgment, which was made approximately IV2 years after the deadline set by the Court (see generally Brill v City of New York, 2 NY3d 648 [2004]). As a general rule, an untimely motion or cross motion for summary judgment may be considered on its merits if there is a timely, pending motion for summary judgment made by another party “on nearly identical grounds” (Grande v Peteroy, 39 AD3d 590, 592 [2007]; see Homeland Ins. Co. of N.Y. v National Grange Mut. Ins. Co., 84 AD3d 737 [2011]). Here, however, the appellant’s motion for summary judgment was not responsive to a timely, pending motion for summary judgment, as it was made after the Supreme Court decided the other motions for summary judgment in the case (see Bicounty Brokerage Corp. v Burlington Ins. Co., 101 AD3d 778 [2012]). As the appellant failed to proffer any other excuses that would constitute good cause for the delay in making his motion, the court properly declined to consider it on its merits (see Chechile v Magee, 66 AD3d 625, 625-626 [2009]). Rivera, J.P, Angiolillo, Chambers and Roman, JJ., concur.