■ EVELINE JONES, Appellant, v CITY OF NEW YORK, Respondent. [13 NYS3d 240]—In an action to recover damages for personal injuries, the plaintiff appeals, by permission, from an order of the Supreme Court, Queens County (Hart, J.), entered April 14, 2014, which granted the defendant's oral application, in effect, for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's oral application, in effect, for summary judgment dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith before a different Justice.

On or about July 8, 2010, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained on February 22, 2010, when she tripped and fell on the sidewalk in front of premises located in Far Rockaway. On February 27, 2014, the action was assigned to Justice Duane A. Hart for trial. On that date, the court, sua sponte, directed a framed-issue hearing on the issue of whether the defendant,

the City of New York, had received prior written notice of the allegedly defective condition, or whether there was a written acknowledgment by the defendant of that condition. At the conclusion of the hearing, the court determined that the defendant did not receive prior written notice or make a written acknowledgment of the condition. The court asked counsel for the defendant whether he had "an application," and counsel thereafter made an oral application "to dismiss," which the court granted.

The Supreme Court erred in granting the oral application of the defendant, which was, in effect, for summary judgment dismissing the complaint. The court erred in considering this late application, since the defendant failed to demonstrate good cause for its failure to timely move for summary judgment (see CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648, 652 [2004]; Giannattasio v Han Suk Kang, 30 AD3d 375 [2006]). The defendant's failure to establish good cause for its delay warranted denial of the application, without consideration of the merits thereof (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 726 [2004]; Brewi-Bijoux v City of New York, 73 AD3d 1112, 1113 [2010]).

Under the circumstances of this case, including the trial court having, sua sponte, directed a framed-issue hearing prior to the start of trial and eliciting the defendant's untimely oral application, in effect, for summary judgment dismissing the complaint, we deem it appropriate to remit the matter to the Supreme Court, Queens County, for further proceedings on the complaint before a different Justice.

In light of our determination, we need not reach the plaintiff's remaining contentions. Mastro, J.P., Austin, Roman and Sgroi, JJ., concur.