■ Jose Calderon, Respondent, v Maral Esenova, Appellant. [18 NYS3d 627]—

Appeals from (1) an order of the Supreme Court, Queens County (Anna Culley, J.), dated December 16, 2013, and (2) a judgment of divorce of that court entered September 15, 2014. The order, insofar as appealed from, after a hearing, denied those branches of the defendant's motion which were for an award of temporary maintenance and interim counsel fees, and determined that the defendant was not entitled to a final award of maintenance or counsel fees and that there was no marital property subject to equitable distribution. The judgment of divorce, insofar as appealed from, failed to award the defendant equitable distribution, maintenance, and counsel fees.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the facts, and in the exercise of discretion, the order is vacated, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the defendant's motion for an award of temporary maintenance and interim counsel fees, and a trial on the ancillary issues of equitable distribution of marital property, maintenance, and counsel fees before a different Justice, and the entry of an appropriate amended judgment of divorce thereafter; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

Shortly after serving an answer demanding maintenance, equitable distribution of the marital property, and counsel fees,

the defendant moved, inter alia, for an award of temporary maintenance and interim counsel fees. Following a hearing, in an order dated December 16, 2013, the Supreme Court denied those branches of the defendant's motion and determined that the defendant was not entitled to a final award of maintenance or counsel fees and that there was no marital property subject to equitable distribution. After the defendant consented to the grounds for divorce, a judgment was entered granting the plaintiff a divorce, which incorporated by reference the order dated December 16, 2013.

"Generally, a court may, in its discretion, 'grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party' " (*Clair v Fitzgerald*, 63 AD3d 979, 980 [2009], quoting *Frankel v Stavsky*, 40 AD3d 918, 918-919 [2007]). Here, as the defendant only requested pendente lite relief and was not given notice that the hearing would resolve the case, she was not afforded an opportunity to address the ultimate issues regarding equitable distribution, maintenance, and counsel fees (*see Matter of Constantine v Hopkins*, 101 AD3d 1190, 1192 [2012]; *Matter of Revet v Revet*, 90 AD3d 1175 [2011]). Under these circumstances, the Supreme Court erred in granting relief that was not requested by the parties (*see Matter of Myers v Markey*, 74 AD3d 1344 [2010]).

Additionally, a new determination is required on that branch of the defendant's motion which was for temporary maintenance. Domestic Relations Law § 236 (B) (5-a) (c) sets forth the formula a court must use to determine the presumptively correct amount of temporary spousal maintenance (*see Su v Su*, 128 AD3d 949 [2015]; *Woodford v Woodford*, 100 AD3d 875 [2012]). Although the court may deviate from the presumptive award if it is "unjust or inappropriate" (Domestic Relations Law § 236 [B] [5-a] [e] [1]; *see Goncalves v Goncalves*, 105 AD3d 901, 902-903 [2013]), the court must set forth in a written order the amount of the presumptive award of temporary maintenance, the factors it considered, and the reasons that it adjusted the presumptive award of temporary maintenance (*see* Domestic Relations Law § 236 [B] [5-a] [e] [2]). Here, the Supreme Court failed to comply with the requirements of Domestic Relations Law § 236 (B) (5-a) when it denied that branch of the defendant's motion which was for temporary maintenance (*see Davydova v Sasonov*, 109 AD3d 955, 956-957 [2013]).

Finally, as the Supreme Court denied that branch of the defendant's motion which was for interim counsel fees on the

ground that there was no marital property, there should be a new determination on this request for relief. An award of interim counsel fees may be warranted to allow the defendant to litigate the action on equal footing with the plaintiff (*see O'Shea v O'Shea*, 93 NY2d 187, 193 [1999]; *Palmeri v Palmeri*, 87 AD3d 572 [2011]).

Under these circumstances on the record before us, we deem it appropriate to remit the matter to the Supreme Court, Queens County, for a new determination on the defendant's motion, and a trial on the ancillary issues of equitable distribution of marital property, maintenance, and counsel fees, before a different Justice (*see Jones v City of New York*, 130 AD3d 686 [2015]).

In light of our determination, we need not reach the parties' remaining contentions. Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.