■ SAMUEL FIELD YM & YWHA, INC., et al., Respondents, v IRVINGS ROTH & RUBIN, PLLC, Appellant. [60 NYS3d 310]—

In an action to recover damages for breach of contract and breach of fiduciary duty, the defendant appeals, by permission, from an order of the Supreme Court, Queens County (D. Hart, J.), dated August 26, 2015, which held in abeyance pending an accounting its motion for summary judgment on its counterclaims for an account stated and to recover damages pursuant to CPLR 3016 (f) for breach of contract.

Ordered that the order is reversed, on the facts and in the exercise of discretion, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of the defendant's motion for summary judgment.

The plaintiffs, which are affiliated not-for-profit organizations, commenced this action against the defendant, their former accountant, alleging that it breached contractual and fiduciary duties by preparing misleading audit reports for them for several years, which caused the plaintiffs to suffer serious financial harm. In response, the defendant asserted counterclaims for an account stated and to recover damages pursuant to CPLR 3016 (f) for breach of contract. Shortly after the plaintiffs filed a reply to the counterclaims, the defendant moved for summary judgment on the counterclaims. The plaintiffs opposed the motion. The Supreme Court held the defendant's motion in abeyance pending an accounting even though neither party requested an accounting. The defendant appeals, by permission.

"Generally, a court may, in its discretion, 'grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party' " (*Calderon v Esenova*, 132 AD3d 711, 712 [2015], quoting *Clair v Fitzgerald*, 63 AD3d 979, 980 [2009]). Here, an accounting was not requested and, under the circumstances, it was an improvident exercise of discretion for the Supreme Court to, sua sponte, grant such relief (*see Calderon v Esenova*, 132 AD3d at 712; *Semlear v Incorporated Vil. of Quogue*, 127 AD3d 1062, 1065 [2015]; *Matter of Myers v Markey*, 74 AD3d 1344, 1345 [2010]).

We decline to address any arguments raised by the parties that relate to the merits of the defendant's motion, as those issues remain pending and undecided (*see Bibbo v Arvanitakis*, 145 AD3d 656, 657 [2016]; *Born To Build, LLC v Saleh*, 139 AD3d 654, 656 [2016]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Accordingly, we remit the matter to the Supreme Court, Queens County, for a determination on the merits of that motion. Leventhal, J.P., Barros, Connolly and Brathwaite Nelson, JJ., concur.