Foo-Lu Co. v Rojas (2018 NY Slip Op 02772)





Foo-Lu Co. v Rojas


2018 NY Slip Op 02772


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2015-06877
2015-12191
 (Index No. 3741/11)

[*1]Foo-Lu Company, et al., plaintiffs/counterclaim defendants-respondents, 
v
Miguel Rojas, defendant/ counterclaim plaintiff/third-party plaintiff-appellant; Rose Chao, additional counterclaim defendant- respondent; Dean Fong, etc., additional counterclaim defendant/third-party defendant-respondent.


The Law Firm of Ravi Batra, P.C., New York, NY (Todd B. Sherman of counsel), for defendant/counterclaim plaintiff/third-party plaintiff-appellant.
Composto & Composto, Brooklyn, NY (Adam T. Newman of counsel), for plaintiffs/counterclaim defendants-respondents and additional counterclaim defendant-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Thomas A. Leghorn and Jason M. Meyers of counsel), for additional counterclaim defendant/third-party defendant-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant/counterclaim plaintiff/third-party plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Graham, J.), dated April 7, 2015, as (a) denied that branch of his motion which was to vacate the note of issue and certificate of readiness, (b) upon denying the motion of the plaintiffs/counterclaim defendants and the additional counterclaim defendant Rose Chao for summary judgment on the complaint and dismissing the counterclaims insofar as asserted against Rose Chao, respectively, and for an order of reference, in effect, granted the moving parties leave to renew, (c) granted the plaintiffs/counterclaim defendants' separate motion to strike his jury demand, and (d) denied those branches of his separate motion which were to strike the plaintiffs/counterclaim defendants' pleadings or, alternatively, to compel further discovery and for leave to amend his answer and the third-party complaint to add an affirmative defense and cause of action alleging champerty, respectively, and (2) from an order of the same court dated November 23, 2015, which (a), upon renewal, granted the motion of the plaintiffs/counterclaim defendants and the additional counterclaim defendant Rose Chao for summary judgment on the complaint and dismissing the counterclaims insofar as asserted against Rose Chao, respectively, and for an order of reference, (b) granted the motion of the additional counterclaim defendant/third-party defendant for summary judgment dismissing the counterclaims and third-party complaint insofar as asserted against him, and (c) denied his cross motion for leave to reargue and pursuant to CPLR 5015 to vacate portions of the order dated April 7, 2015.
ORDERED that the order dated April 7, 2015, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof which, upon denying the motion of the plaintiffs/counterclaim defendants and the additional counterclaim defendant Rose Chao for summary judgment on the complaint and dismissing the counterclaims insofar as asserted against Rose Chao, respectively, and for an order of reference, in effect, granted the moving parties leave to renew; as so modified, the order dated April 7, 2015, is affirmed insofar as appealed from, and the provision of the order dated November 23, 2015, which, upon renewal, granted the motion of the plaintiffs/counterclaim defendants and the additional counterclaim defendant Rose Chao for summary judgment on the complaint and dismissing the counterclaims insofar as asserted against Rose Chao, respectively, and for an order of reference, is vacated; and it is further,
ORDERED that the appeal from so much of the order dated November 23, 2015, as denied that branch of the cross motion of the defendant/counterclaim plaintiff/third-party plaintiff which was for leave to reargue and as, upon renewal, granted the motion of the plaintiffs/counterclaim defendants and the additional counterclaim defendant Rose Chao for summary judgment on the complaint and dismissing the counterclaims insofar as asserted against Rose Chao, respectively, and for an order of reference, is dismissed; and it is further,
ORDERED that the order dated November 23, 2015, is modified, on the law, by deleting the provision thereof granting the motion of the additional counterclaim defendant/third-party defendant for summary judgment dismissing the counterclaims and third-party complaint insofar as asserted against him, and substituting therefor a provision denying the motion; as so modified, the order dated November 23, 2015, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the appellant payable by the respondents appearing separately and filing separate briefs.
Miguel Rojas entered into a consolidation, extension, and modification agreement with the plaintiffs consolidating an existing mortgage with a new mortgage to form a single lien in the amount of $850,000. After Rojas allegedly defaulted on the loan by failing to make the payment due, the plaintiffs commenced this foreclosure action. Rojas answered the complaint, asserting, inter alia, three counterclaims, naming Rose Chao and Dean Fong as additional defendants for purposes of the counterclaims. Rojas also commenced a third-party action. Following the joinder of issue and discovery, the plaintiffs filed a note of issue. Rojas moved, inter alia, to vacate the note of issue and separately moved for, among other things, leave to amend his answer and the third-party complaint. The plaintiffs moved to strike Rojas' jury demand and separately moved, inter alia, for summary judgment on the complaint and for an order of reference. Chao, a principal of the plaintiff Foo-Lu Company, moved jointly with the plaintiffs for summary judgment dismissing the counterclaims insofar as asserted against her and for an order of reference. By order dated April 7, 2015, the Supreme Court, inter alia, denied the motion for summary judgment and an order of reference, but, in effect, granted the moving parties leave to renew.
Thereafter, the plaintiffs and Chao again moved for summary judgment, this time submitting the affidavit of Chao, who attested, inter alia, to the plaintiffs' ownership of the note and Rojas' default. Fong then moved for summary judgment dismissing the counterclaims and third-party complaint insofar as asserted against him. Finally, Rojas cross-moved for leave to reargue and vacate portions of the order dated April 7, 2015. By order dated November 23, 2015, the Supreme Court awarded summary judgment to the plaintiffs, Chao, and Fong, and denied Rojas' cross motion in its entirety. Rojas appeals.
Preliminarily, the appeal from so much of the order dated November 23, 2015, as denied that branch of Rojas' cross motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Parrilla v Saphire, 149 AD3d 859).
The Supreme Court, upon denying the plaintiffs' and Chao's initial motion for summary judgment, improvidently exercised its discretion by, in effect, granting the moving parties leave to renew. The defect in the initial motion was not merely technical but substantive, inasmuch [*2]as the moving parties failed, without explanation, to submit evidence, in admissible form, establishing, inter alia, their ownership of the subject mortgage note or the existence of Rojas' default. Such evidence could, and should, have been submitted on the original summary judgment motion (see Vinar v Litman, 110 AD3d 867), and sufficient cause was not shown to warrant entertaining a second motion (cf. Varsity Tr. v Board of Educ. of City of N.Y., 300 AD2d 38, 39). Therefore, the order dated April 7, 2015, must be modified accordingly, and the provision of the order dated November 23, 2015, upon renewal, granting the second summary judgment motion must be vacated. In light of our determination with respect to the order dated April 7, 2015, the appeal from that portion of the order dated November 23, 2015, must be dismissed.
The Supreme Court also erred in awarding summary judgment to Fong. It is undisputed that Fong's motion was untimely, having been made 309 days after the filing of the note of issue, or 189 days after the expiration of the 120-day statutory deadline (see CPLR 3212[a]; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866; Giambona v Hines, 104 AD3d 811). Even assuming that the court granted an oral application by Fong for leave to file the late motion, as Fong's counsel represented in his papers, such determination would have been an improvident exercise of discretion under the circumstances presented, since leave can be granted only upon a showing of good cause "for the delay in making the motion" (Brill v City of New York, 2 NY3d 648, 652), and no such showing appears in the record (see Nationstar Mtge., LLC v Weisblum, 143 AD3d at 869; cf. Matter of Gilmore, 131 AD3d 1058). Fong's failure to establish good cause for his delay warranted denial of the motion, "without consideration of the merits thereof" (Jones v City of New York, 130 AD3d 686, 687; see Nationstar Mtge., LLC v Weisblum, 143 AD3d at 869; Carrasco v Weissman, 120 AD3d 534, 536; Giambona v Hines, 104 AD3d at 812).
Rojas' remaining contentions are without merit.
DILLON, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court