Matter of Velez v City of New York (2019 NY Slip Op 05781)





Matter of Velez v City of New York


2019 NY Slip Op 05781


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-05419
 (Index No. 503139/18)

[*1]In the Matter of Raul Velez, petitioner-respondent,
v
City of New York, respondent, New York City Transit Authority, et al., appellants.


Lawrence Heisler, Brooklyn, NY (Anna J. Ervolina of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR 3102(c) to obtain disclosure prior to the commencement of an action, the respondents New York City Transit Authority and Metropolitan Transportation Authority appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated March 23, 2018. The order, insofar as appealed from, upon deciding the petition, sua sponte granted the petitioner leave to amend his notice of claim as to the facts and legal theories within 30 days of the filing of the note of issue in a subsequent action to recover damages for personal injuries arising from an incident that allegedly occurred on January 11, 2018.
ORDERED that on the Court's own motion, the notice of appeal is deemed an application for leave to appeal from so much of the order as sua sponte granted the petitioner leave to amend his notice of claim as to the facts and legal theories within 30 days of the filing of the note of issue in a subsequent action to recover damages for personal injuries arising from an incident that allegedly occurred on January 11, 2018, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law; and it is further,
ORDERED that one bill of costs is awarded to the respondents New York City Transit Authority and Metropolitan Transportation Authority.
On January 11, 2018, in Brooklyn, the petitioner allegedly was injured while attempting to board a subway train operated by the respondents New York City Transit Authority and Metropolitan Transportation Authority (hereinafter together the appellants). Approximately one month later, and prior to serving a notice of claim, the petitioner commenced this proceeding pursuant to CPLR 3102(c) to obtain discovery prior to the commencement of an action. Specifically, the petitioner sought an order directing the appellants to "preserve and make available for inspection by a date certain any and all evidence currently in their possession and/or control" related to the [*2]subject accident. The Supreme Court granted, in effect, that branch of the petition which was for an order preserving the aforesaid material. In addition, the court sua sponte ordered that the "[p]etitioner shall have the right to amend his Notice of Claim as to the facts and legal theories within 30 days upon the filing of the note of issue in the action involving the accident of [January 11, 2018]." On appeal, the appellants argue that the court should not have granted this additional relief as the petitioner never requested it.
Initially, an order granting sua sponte relief is appealable only by permission (see CPLR 5701[a][2]; [c]). We exercise our discretion to grant leave to appeal from that portion of the order which sua sponte granted the petitioner leave to amend his notice of claim.
Turning to the merits, "[p]ursuant to CPLR 2214(a), an order to show cause must state the relief demanded and the grounds therefor'" (Carter v Johnson, 84 AD3d 1141, 1142, quoting CPLR 2214[a]). "However, the court may grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party'" (Evans v Argent Mtge. Co., LLC, 120 AD3d 618, 620, quoting Frankel v Stavsky, 40 AD3d 918, 918-919).
Here, the Supreme Court strayed from this principle when, in addition to granting, in effect, that branch of the petition which was for an order preserving material related to the accident, it also sua sponte granted a nearly unlimited prospective right to the petitioner to amend a notice of claim that had not yet been served. This sua sponte relief was dramatically different from the pre-action discovery that was the subject of the petition (see Samuel Field YM & YWHA, Inc. v Irvings Roth & Rubin, PLLC, 153 AD3d 749, 750; compare CPLR 3201[c], with General Municipal Law § 50-e[6]). Furthermore, the papers before the court did not support the award of such additional relief, since the absence of a notice of claim rendered it impossible to determine whether the future notice of claim or any amendments thereto would be in compliance with General Municipal Law § 50-e. We also agree with the appellants that they were prejudiced insofar as the court set a permissive timeline for amending the notice of claim that potentially could be, inter alia, beyond the statute of limitations and after the completion of discovery.
Accordingly, the Supreme Court should not have sua sponte granted the petitioner leave to amend his notice of claim with new facts or legal theories within 30 days of the filing of a note of issue in a personal injury action arising from the incident that allegedly occurred on January 11, 2018 (see Matter of Blauvelt Mini-Mall, Inc. v Town of Orangetown, 158 AD3d 678, 679-680; Magid v Sunrise Holdings Group, LLC, 155 AD3d 717, 718; Samuel Field YM & YWHA, Inc. v Irvings Roth & Rubin, PLLC, 153 AD3d at 750).
DILLON, J.P., MILLER, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court