U.S. Bank N.A. v Halevy (2019 NY Slip Op 07438)





U.S. Bank N.A. v Halevy


2019 NY Slip Op 07438


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-03493
 (Index No. 41124/07)

[*1]U.S. Bank National Association, etc., appellant,
v
Ahuva Halevy, et al., respondents, et al., defendants.


Hogan Lovells US LLP, New York, NY (Robin L. Muir, Allison J. Schoenthal, Chava Brandriss, and Sean Marotta of counsel), for appellant.
Abraham Hoschander, Brooklyn, NY, for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernadette Bayne, J.), dated September 14, 2016. The order, insofar as appealed from, sua sponte, extended the time for the defendants Ahuva Halevy, Haim Halevy, and Adel Halevy to answer the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, extended the time for the defendants Ahuva Halevy, Haim Halevy, and Adel Halevy to answer the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2007, the plaintiff commenced this action to foreclose a mortgage. The defendants Ahuva Halevy, Haim Halevy, and Adel Halevy (hereinafter collectively the defendants) failed to appear or answer the complaint. A judgment of foreclosure and sale was entered upon the defendants' default. The defendants thereafter moved, in effect, to stay the foreclosure sale, vacate the judgment of foreclosure and sale entered upon their default, and dismiss the complaint for lack of personal jurisdiction. The defendants contended in their motion papers that they had not been properly served with process.
In an order dated September 14, 2016, the Supreme Court denied the motion, concluding that the defendants had been properly served, but, sua sponte, extended the defendants' time to answer the complaint. The plaintiff appeals from so much of the order as, sua sponte, extended the defendants' time to answer.
"The court may grant relief that is warranted pursuant to a general prayer for relief contained in a notice of motion if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party" (USAA Fed. Sav. Bank v Calvin, [*2]145 AD3d 704, 706; see Samuel Field YM & YWHA, Inc. v Irvings Roth & Rubin, PLLC, 153 AD3d 749, 750). Here, the defendants did not request an extension of time to answer, and the Supreme Court's determination to, sua sponte, grant that relief was an improvident exercise of discretion. Indeed, to extend the time to answer the complaint, a defendant must generally provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action (see Vega v West Nostrand Realty, LLC, 169 AD3d 855; Aurora Loan Servs., LLC v Movatady, 165 AD3d 1025, 1027). Here, the only excuse offered by the defendants for their default was the plaintiff's alleged failure to properly serve them, which excuse was rejected by the Supreme Court. Further, the defendants did not proffer any potentially meritorious defense to the action. We note also that the court's sua sponte determination to extend the time within which the defendants had to answer the complaint is fundamentally inconsistent with its determination to deny that branch of the defendants' motion which was to vacate the judgment of foreclosure and sale. Since the judgment determined the action and the rights of the parties, allowing the defendants to interpose an answer was without practical import.
The defendants' remaining contention is not properly before this Court in the absence of a cross appeal.
Accordingly, we reverse the order insofar as appealed from.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court