Securitized Asset Funding 2011-2, Ltd. v Canadian Imperial Bank of Commerce (2021 NY Slip Op 00815)





Securitized Asset Funding 2011-2, Ltd. v Canadian Imperial Bank of Commerce


2021 NY Slip Op 00815


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Manzanet-Daniels, J.P., Gische, González, Shulman, JJ. 


Index No. 653911/15 Appeal No. 13098N Case No. 2020-01807 

[*1]Securitized Asset Funding 2011-2, Ltd., Plaintiff-Appellant,
v
Canadian Imperial Bank of Commerce, Defendant-Respondent.
Canadian Imperial Bank of Commerce, Counterclaim Plaintiff-Respondent,
v
Securitized Asset Funding 2011-2, Ltd., et al., Counterclaim-Defendants-Appellants.


Selendy & Gay PLLC, New York (Philippe Z. Selendy of counsel), for appellants.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Jay B. Kasner of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about March 3, 2020, which denied the motion of plaintiff/counterclaim-defendant Securitized Asset Funding 2011-2, Ltd. and counterclaim-defendants Securitized Asset Funding 2009-1, Ltd., Promontoria Europe Investments XXIII LDC, and CSMC 2012-8R, Ltd. (collectively Cerberus) to compel production and testimony from defendant/counterclaim-plaintiff Canadian Imperial Bank of Commerce (CIBC), unanimously affirmed, without costs.
The court properly found that CIBC has not waived its attorney-client privilege concerning the material and testimony Cerberus seeks to compel by placing them at issue. CIBC has disavowed any intention to use privileged documents to prove the relevant defense or counterclaim and, as the motion court found, the invasion of the privilege is not necessary to determine their validity (see IDT Corp. v Morgan Stanley Dean Witter & Co., 107 AD3d 451, 452 [1st Dept 2013]; Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 62 AD3d 581, 582 [1st Dept 2009]). This is unlike the case of Metropolitan Bridge & Scaffolds Corp. v New York City Hous. Auth. (168 AD3d 569 [1st Dept 2019]), in which this Court upheld an at-issue waiver, despite the defendant's avowed intention not to use privileged communications and documents in its defense, because the plaintiff was required to use them to prove its claim which involved defendant's reliance on the advice of counsel. However, under the particular circumstances here, the CIBC defense and counterclaim can be fairly litigated based on other available, nonprivileged evidence including the testimony of nonlawyers.
The record also supports the motion court's finding that CIBC did not waive its privilege to the materials sought by Cerberus by selectively disclosing privileged communications during depositions in this action.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021