Ayres v Bloomberg, L.P. (2025 NY Slip Op 00840)

Ayres v Bloomberg, L.P.

2025 NY Slip Op 00840

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-02274
2022-03906
2022-03907
 (Index No. 517214/18)

[*1]Johanna Ayres, respondent, 
v
Bloomberg, L.P., et al., appellants, et al., defendant; Andrew Schmidt, etc., nonparty-respondent.

Proskauer Rose LLP, New York, NY (Elise M. Bloom and Noa M. Baddish of counsel), for appellants.
The Clancy Law Firm, P.C, (Niall MacGiollabhuí, New York, NY, of counsel), for respondent and Bantle & Levy LLP, New York, NY (Robert L. Levy of counsel), for nonparty-respondent (one brief filed).

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of age in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the defendants Bloomberg, L.P., and Lawrence Diamond appeal from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 1, 2022, (2) an order of the same court dated April 11, 2022, and (3) an order of the same court dated May 10, 2022. The order dated March 1, 2022, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendants Bloomberg, L.P., and Lawrence Diamond to disclose evidence of prior similar complaints of and prior lawsuits for age discrimination against the defendant Bloomberg, L.P., for a period of five years, sua sponte, directed those defendants to disclose emails relating to the plaintiff from 11 additional individuals, and denied that branch of those defendants' motion which was pursuant to CPLR 3124 to compel disclosure of certain correspondence between nonparty Andrew Schmidt and the plaintiff's attorney regarding this action. The order dated April 11, 2022, insofar as appealed from, in effect, denied that branch of the motion of the defendants Bloomberg, L.P., and Lawrence Diamond which was to compel nonparty Andrew Schmidt to remove redactions from his psychotherapy notes. The order dated May 10, 2022, insofar as appealed from, in effect, upon reargument and renewal, adhered to the determination in the order dated March 1, 2022, granting that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendants Bloomberg, L.P., and Lawrence Diamond to disclose evidence of prior similar complaints of and prior lawsuits for age discrimination against the defendant Bloomberg, L.P., for a period of five years, and denied that branch of those defendants' motion which was, in effect, to vacate so much of the order dated March 1, 2022, as, sua sponte, directed them to disclose emails relating to the plaintiff from 8 additional individuals.
ORDERED that the appeal from so much of the order dated March 1, 2022, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendants Bloomberg, L.P., and Lawrence Diamond to disclose evidence of prior similar complaints [*2]of and prior lawsuits for age discrimination against the defendant Bloomberg, L.P., for a period of five years is dismissed, as that portion of the order was superseded by the portion of the order dated May 10, 2022, made, in effect, upon reargument and renewal; and it is further,
ORDERED that the appeal from so much of the order dated March 1, 2022, as, sua sponte, directed the defendants Bloomberg, L.P., and Lawrence Diamond to disclose emails relating to the plaintiff from 11 additional individuals is dismissed, as no appeal lies as of right from a portion of an order that does not decide a motion made on notice (see CPLR 5701[a]), and we decline to grant leave to appeal, as the appeal from that portion of the order is academic in light of, inter alia, our determination of the appeal from the order dated May 10, 2022; and it is further,
ORDERED that the order dated March 1, 2022, is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated April 11, 2022, is modified, on the law and in the exercise of discretion, by deleting the provision thereof, in effect, denying that branch of the motion of the defendants Bloomberg, L.P., and Lawrence Diamond which was to compel nonparty Andrew Schmidt to remove redactions from his psychotherapy notes pertaining to other sources of stress affecting the plaintiff, and substituting therefor a provision granting that branch of the motion and directing disclosure of the psychotherapy notes pertaining to other sources of stress affecting the plaintiff; as so modified, the order dated April 11, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated May 10, 2022, is reversed insofar as appealed from, on the law and in the exercise of discretion, in effect, upon reargument and renewal, the determination in the order dated March 1, 2022, granting that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendants Bloomberg, L.P., and Lawrence Diamond to disclose evidence of prior similar complaints of and prior lawsuits for age discrimination against the defendant Bloomberg, L.P., for a period of five years is vacated, and, thereupon, that branch of the plaintiff's motion is denied, that branch of the motion of the defendants Bloomberg, L.P., and Lawrence Diamond which was, in effect, to vacate so much of the order dated March 1, 2022, as, sua sponte, directed them to disclose emails relating to the plaintiff from eight additional individuals is granted, and the plaintiff and her counsel are directed to return any and all copies of emails relating to the plaintiff from the additional individuals and evidence of prior similar complaints of and prior lawsuits for age discrimination against the defendant Bloomberg, L.P., for a period of five years that she received from the defendants Bloomberg, L.P., and Lawrence Diamond pursuant to the orders dated March 1, 2022, and May 10, 2022, and the plaintiff is precluded from using those emails and documents or any information obtained from those emails and documents in this action; and it is further,
ORDERED that one bill of costs is awarded to the defendants Bloomberg, L.P., and Lawrence Diamond, payable by the plaintiff.
The plaintiff commenced this action, inter alia, to recover damages for employment discrimination on the basis of age in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107. The plaintiff moved, among other things, pursuant to CPLR 3124 to compel the defendants Bloomberg, L.P., and Lawrence Diamond (hereinafter together the defendants) to disclose evidence of prior complaints of and prior lawsuits for age discrimination that had been filed against Bloomberg, L.P., from 2011 to 2016. The defendants moved, inter alia, pursuant to CPLR 3124 to compel nonparty Andrew Schmidt, a psychologist who had treated the plaintiff, to comply with a subpoena duces tecum served upon him by the defendants, to remove redactions that he had made to his psychotherapy notes that were produced to the defendants, and to produce all correspondence between himself and the plaintiff's attorney regarding this action. In an order dated March 1, 2022, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was to compel the defendants to comply with certain discovery demands to the extent of directing the defendants "to provide all the discovery demanded" in a letter dated January 25, 2021, that the plaintiff's attorney sent to the defendants' attorney, and as directed by an [*3]order dated December 11, 2020, and, sua sponte, directed the defendants to produce emails relating to the plaintiff from an additional 11 individuals. The court denied that branch of the defendants' motion which was to compel Schmidt to produce all correspondence between himself and the plaintiff's attorney regarding this action, and, in effect, held that branch of the defendants' motion which was to compel Schmidt to remove redactions from his psychotherapy notes in abeyance pending an in camera review of those psychotherapy notes.
In an order dated April 11, 2022, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for a protective order to prevent the defendants from disclosing Schmidt's deposition transcript and his notes to any third party not authorized to receive confidential information pursuant to a stipulation executed by the plaintiff's attorney and the defendants' attorney. The court, in effect, denied that branch of the defendants' motion which was to compel Schmidt to remove redactions from his psychotherapy notes.
Thereafter, the defendants moved, inter alia, for leave to reargue and renew, or, in effect, to vacate the order dated March 1, 2022. By order dated May 10, 2022, the Supreme Court among other things, in effect, upon reargument and renewal, adhered to its prior determination granting that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendants to produce evidence of prior similar complaints of and prior lawsuits for age discrimination against Bloomberg, L.P., for a period of five years. The court, in effect, modified its prior determination, sua sponte, directing the defendants to produce emails relating to the plaintiff from an additional 11 individuals, by instead directing the defendants to produce emails relating to the plaintiff from only 8 of those 11 individuals. The defendants appeal.
CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." "'The words, material and necessary, are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial'" (McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 547, 548, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [internal quotation marks omitted]). However, "'[a] party is not entitled to unlimited, uncontrolled, unfettered disclosure'" (C.B. v New York City Tr. Auth., 219 AD3d 1397, 1398, quoting Geffner v Mercy Med. Ctr., 83 AD3d 998, 998; see Fox v Roman Catholic Archdiocese of N.Y., 202 AD3d 1061, 1062). "A motion to compel responses to demands and interrogatories is properly denied where the demands and interrogatories seek information which is irrelevant, overly broad, or burdensome" (Bennett v State Farm Fire & Cas. Co., 189 AD3d 749, 750). "The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court" (Bernardis v Town of Islip, 95 AD3d 1050, 1050; see 101CO, LLC v Sand Land Corp., 189 AD3d 942).
The Supreme Court erred, in effect, upon reargument and renewal, in adhering to its prior determination granting that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendants to produce evidence of prior similar complaints of and prior lawsuits for age discrimination against Bloomberg, L.P., for a period of five years. The plaintiff did not serve the defendants with a notice seeking production of this material (see CPLR 3120). Contrary to the plaintiff's contention, she did not seek disclosure of this material in her first request for documents. Accordingly, the plaintiff and her counsel are directed to return to the defendants any evidence of complaints or lawsuits alleging age discrimination against Bloomberg, L.P., that did not involve an allegation of age discrimination against Diamond and that the defendants produced to the plaintiff in response to the order dated March 1, 2022, and the order dated May 10, 2022 (see Cyngiel v Krigsman, 224 AD3d 875; Kraus v Brandstetter, 185 AD2d 300, 301).
In addition, in support of the plaintiff's motion, inter alia, to compel discovery, the plaintiff did not seek to compel the defendants to disclose emails relating to the plaintiff from any additional individuals. "A court is generally limited to noticed issues that are the subject of the motion before it" (Matter of Banks v Stanford, 159 AD3d 134, 146; see CPLR 2214[a]; City of New York v Quadrozzi, 189 AD3d 1344, 1345). "A court may grant relief not specifically requested in [*4]the notice of motion, pursuant to a general prayer for relief contained in the notice of motion, if the relief is 'is warranted by the facts plainly appearing on the papers on both sides,' and 'if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party'" (Robert v Azoulay Realty Corp., 209 AD3d 781, 784-785, quoting Frankel v Stavsky, 40 AD3d 918, 918-919; see Tirado v Miller, 75 AD3d 153, 160). Here, the relief granted by the Supreme Court in the order dated March 1, 2022, sua sponte, directing the defendants to disclose emails relating to the plaintiff from additional custodians, was dramatically unlike the relief sought in the plaintiff's motion, which only sought to compel the defendants to produce the personnel files of certain individuals, human resources documents, and evidence of prior complaints and lawsuits alleging age discrimination against the defendants, was unsupported by the proof offered, and was potentially prejudicial to the defendants (see Matter of Blauvelt Mini-Mall, Inc. v Town of Orangetown, 158 AD3d 678, 680; Samuel Field YM & YWHA, Inc. v Irvings Roth & Rubin, PLLC, 153 AD3d 749, 750). Therefore, the court should have granted that branch of the defendants' motion which was, in effect, to vacate so much of the order dated March 1, 2022, as, sua sponte directed them to produce emails relating to the plaintiff from the eight additional individuals. The plaintiff and her counsel are directed to return to the defendants copies of any emails relating to the plaintiff that the defendants produced in accordance with the order dated May 10, 2022 (see Cyngiel v Krigsman, 224 AD3d 875; Kraus v Brandstetter, 185 AD2d at 301).
Under the circumstances presented, the Supreme Court properly conducted an in camera review of Schmidt's psychotherapy notes. However, the court improvidently exercised its discretion in concluding that Schmidt properly redacted those portions of the psychotherapy notes which contained material relating to other sources of stress in the plaintiff's life. Here, because the plaintiff affirmatively placed her entire psychological condition in controversy through her allegations of emotional and psychological injuries, the nature and severity of the other sources of stress in her life are matters material and necessary to the issue of damages (see Hogdahl v LCOR 55 Bank St., LLC, 219 AD3d 1317, 1319; Greco v Wellington Leasing, L.P., 144 AD3d 981, 982). To the extent that the plaintiff contends that she presented "exceptional circumstances" which would entitle her to a limitation upon discovery of Schmidt's psychotherapy notes based upon allegations that disclosure of information concerning the plaintiff's family and friends revealed to Schmidt could irreparably harm her relationship with those individuals, the plaintiff has failed to establish that "that nondisclosure, in whole or in part, is reasonably necessary to prevent imminent and serious physical or psychological damage to the patient" (Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 462).
"Article 45 of the CPLR contains, inter alia, the evidentiary privileges based on confidential communications between, among others, attorney and client" (Siegel v Snyder, 202 AD3d 125, 131; see CPLR 4503). "The attorney-client privilege shields from disclosure any confidential communications between an attorney and his or her client made for the purpose of obtaining or facilitating legal advice in the course of a professional relationship" (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d 616, 623). "The critical inquiry is whether, viewing the lawyer's communication in its full content and context, it was made in order to render legal advice or services to the client" (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 379). The party asserting the privilege has the burden of demonstrating that it is applicable (see Wrubleski v Mary Imogene Bassett Hosp., 163 AD3d 1248).
Here, the Supreme Court properly determined that Schmidt established that an attorney-client relationship existed between himself and the plaintiff's attorney, and that Schmidt did not waive the privilege (see Securitized Asset Funding 2011-2, Ltd. v Canadian Imperial Bank of Commerce, 191 AD3d 486; Stock v Schnader Harrison Segal & Lewis LLP, 142 AD3d 210, 241). "An attorney-client relationship does not depend on the existence of a formal retainer agreement" (Ripa v Petrosyants, 203 AD3d 770, 772; see Perella Weinberg Partners LLC v Kramer, 173 AD3d 555).
The parties' remaining contentions either are without merit or need not be considered in light of our determination.
DUFFY, J.P., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court