■ Yitzchok Frankel, Appellant, v Moshe Stavsky et al., Respondents. [838 NYS2d 90]—

In an action, inter alia, to recover damages for breach of contract, defamation, and tortious interference with contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated September 9, 2006, as granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 510 (3) to change the venue of the action to Nassau County.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the motion which was, in effect, to change the venue of the action to Nassau County is denied, and the Clerk of the Supreme Court, Nassau County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

Even though the defendants' notice of motion and "wherefore" clause did not formally and specifically request relief pursuant to CPLR 510 (3) (*see* CPLR 2214 [a]; *Arriaga v Laub Co.*, 233 AD2d 244, 245 [1996]), a court may grant relief that is war-

ranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party (*see HCE Assoc. v 3000 Watermill Lane Realty Corp.*, 173 AD2d 774 [1991]; *Matter of LiMandri*, 171 AD2d 747 [1991]; *Pace v Perk*, 81 AD2d 444, 456 [1981]). Excluding from consideration the convenience of the parties, which is irrelevant to a determination of a change of venue pursuant to CPLR 510 (3) (*see Mei Ying Wu v Waldbaum, Inc.*, 284 AD2d 434, 435 [2001]; *McAdoo v Levinson*, 143 AD2d 819, 820 [1988]), the papers failed to demonstrate that the nonparty witness for whose convenience the change of venue was sought was willing to testify on the defendants' behalf, and failed to specify the nature and materiality of her anticipated testimony (*see Shindler v Warf*, 24 AD3d 429 [2005]; *Giaimo v Hastings*, 19 AD3d 365 [2005]; *Rich v O'Connor*, 212 AD2d 767 [1995]). Accordingly, the Supreme Court improvidently exercised its discretion in granting relief pursuant to CPLR 510 (3) by changing the venue of the action from Kings County to Nassau County (*see O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169 [1995]). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.