■ In the Matter of TINA BLAUMAN-SPINDLER, Respondent, v RICHARD BLAUMAN, Appellant. [892 NYS2d 143]—

Contrary to the father's contention, there is no requirement that a movant identify a specific statute or rule in the notice of motion, only that the notice "specify . . . the relief demanded and the grounds therefor" (CPLR 2214 [a]). Even though the mother's notice of motion and supporting affirmation did not formally and specifically request relief pursuant to CPLR 3126, where, as here, there is no misunderstanding or prejudice, "a court may grant relief that is warranted by the facts plainly appearing on the papers on both sides" (*Frankel v Stavsky,* 40 AD3d 918, 918-919 [2007]; *see HCE Assoc. v 3000 Watermill Lane Realty Corp.,* 173 AD2d 774 [1991]; *Pace v Perk,* 81 AD2d 444, 456 [1981]). Here, the mother's notice of motion clearly seeks the relief of preclusion based upon the father's alleged willful failure to respond to her discovery demands. Accordingly, because the father was adequately apprised of the relief sought and the grounds therefor, there was no prejudice, and the Support Magistrate did not err in treating the motion as one made pursuant to CPLR 3126.

Nevertheless, the Support Magistrate improvidently exercised her discretion in granting that branch of the mother's motion

which was to preclude evidence of the father's finances. While the nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter within the discretion of the court (*see Kingsley v Kantor,* 265 AD2d 529 [1999]), in order "[t]o invoke the drastic remedy" of preclusion for failure to disclose pursuant to CPLR 3126 (2), the court "must determine that the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (*Pryzant v City of New York,* 300 AD2d 383 [2002]; *see Kelleher v Mt. Kisco Med. Group,* 264 AD2d 760 [1999]; *Maillard v Maillard,* 243 AD2d 448 [1997]). In this case, the father served responses and objections to the mother's discovery demands. While the mother was clearly dissatisfied with the objections and responses to her demands, there was no showing of a pattern of willful failure to respond to discovery demands or comply with disclosure orders, so as to justify an order of preclusion.

Moreover, we note that the mother's motion was unsupported by an affirmation of a good faith effort to resolve the purported discovery dispute as required by 22 NYCRR 202.7 (a) (2) (*see Diel v Rosenfeld,* 12 AD3d 558 [2004]; *Dennis v City of New York,* 304 AD2d 611, 613 [2003]; *Fanelli v Fanelli,* 296 AD2d 373 [2002]; *Charter One Bank v Houston,* 300 AD2d 429, 430 [2002]; *Hegler v Loews Roosevelt Field Cinemas,* 280 AD2d 645 [2001]).

Accordingly, the Support Magistrate improvidently exercised her discretion in granting that branch of the mother's motion which was to preclude evidence of the father's finances. We therefore remit the matter to the Family Court, Nassau County, for a new determination of the petition. Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.