In an action for declaratory and injunctive relief, nonparty Ilya Magid, in his individual capacity, appeals from an order of the Supreme Court, Kings County (Edwards, J.), dated April 27, 2016, which denied his motion to vacate so much of an order of the same court (Lewis, J.), dated August 27, 2015, as, sua sponte, awarded the defendant “a money judgment against Ilya Magid in the amount of the unpaid loan.”
 

 Ordered that the order dated April 27, 2016, is reversed, on the law, with costs, and the motion of nonparty Ilya Magid, in his individual capacity, to vacate so much of the order dated August 27, 2015, as, sua sponte, awarded the defendant “a money judgment against Ilya Magid in the amount of the unpaid loan” is granted.
 

 This action was commenced by Ilya Magid, in his representative capacity as trustee for the Magidenko Family Irrevocable Trust (hereinafter the trust), to preclude the defendant from enforcing a security interest on certain trust property. The underlying facts are described in a companion appeal (see Magid v Sunrise Holdings Group, LLC, 155 AD3d 714 [2017] [decided herewith]).
 

 Insofar as relevant to this appeal, Ilya Magid, both personally and as trustee of the trust, executed a promissory note in favor of the defendant in connection with a loan in the principal amount of $150,000, which was secured by a UCC-1 financing statement recorded against a cooperative apartment owned by the trust. In an order dated August 27, 2015, the Supreme Court, inter alia, sua sponte, awarded the defendant “a money judgment against Ilya Magid in the amount of the unpaid loan.”
 

 Magid, in his individual capacity and represented by separate counsel, thereafter moved before the Supreme Court to vacate the provision of the August 27, 2015, order which awarded the defendant a money judgment against him personally. The court denied the motion. We reverse.
 

 “[A] court may grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party” (Frankel v Stavsky, 40 AD3d 918, 918-919 [2007]; see Sudit v Labin, 148 AD3d 1073, 1075 [2017]). Here, the Supreme Court not only strayed from this principle (see Sudit v Labin, 148 AD3d at 1075), but did so by purporting to impose liability on an individual who was not even a party to the action. “ Tt has been repeatedly held that persons suing or being sued in their official or representative capacity are, in contemplation of law, distinct persons, and strangers to any right or liability as an individual, and consequently a former judgment concludes a party only in the character in which he was sued’ ” (Tuper v Tuper, 34 AD3d 1280, 1281 [2006], quoting Leonard v Pierce, 182 NY 431, 432 [1905]; see Specialized Realty Servs., LLC v Maikisch, 123 AD3d 801, 802 [2014]).
 

 Accordingly, the Supreme Court should have granted Magid’s motion to vacate so much of the August 27, 2015, order as, sua sponte, awarded the defendant a money judgment against him personally.
 

 Chambers, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.