Robinson v Big City Yonkers, Inc. (2020 NY Slip Op 00447)





Robinson v Big City Yonkers, Inc.


2020 NY Slip Op 00447


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-04108
 (Index No. 60015/16)

[*1]Frank Robinson, etc., et al., respondents, 
v
Big City Yonkers, Inc., etc., et al., defendants; Jose R. Rodriguez, et al., nonparty-appellants.


Lee Litigation Group, PLLC, New York, NY (C. K. Lee of counsel), for nonparty-appellants.
Shulman Kessler LLP, Melville, NY (Troy L. Kessler and Garrett Kaske of counsel), Anthony A. Capetola, Williston Park, NY, and Outten & Golden, New York, NY (Justin M. Swartz and Juno Turner of counsel), for respondents (one brief filed).
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (David L. Weissman and Sarah H. Morrissey of counsel), for defendants.



DECISION & ORDER
In a class action, inter alia, to recover unpaid overtime wages, the 45 captioned nonparties appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered February 16, 2018. The order, insofar as appealed from, upon granting the plaintiffs' unopposed motion, inter alia, for final approval of a class action settlement, sua sponte, declared that "[t]he opt outs received on 1/26/18 from Lee Litigation Group are deemed invalid as they were dated prior to the Class Notice which was sent 12/27/17, and do not contain the required opt-out language pursuant to the Class-Notice ordered by this court on November 22, 2017."
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, declared, among other things, that certain opt-out statements received on January 26, 2018, from Lee Litigation Group were invalid is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law and in the
exercise of discretion, with costs.
The plaintiffs commenced this action against the defendants, inter alia, to recover unpaid wages and overtime pay. They alleged that they worked for the defendants as delivery drivers and were misclassified as exempt employees and independent contractors in violation of both the Fair Labor Standards Act (29 USC § 201, et seq.), and the New York Labor Law. By order dated January 17, 2017, the Supreme Court certified the matter as a class action. The parties eventually reached a settlement agreement and, thereafter, the plaintiffs moved, among other things, for final approval of the settlement, approval of the proposed service awards, and approval for the payment of attorney's fees and costs to class counsel. By order entered February 16, 2018 (hereinafter the February 2018 order), the court granted the unopposed motion and dismissed the action with prejudice. Pursuant to the February 2018 order, all class members who did not opt out were permanently enjoined from asserting, pursuing, and/or seeking to reopen claims that were released pursuant to the settlement agreement. The February 2018 order also contained a handwritten [*2]provision declaring that "[t]he opt outs received on 1/26/18 from Lee Litigation Group are deemed invalid as they were dated prior to the Class Notice which was sent 12/27/17, and do not contain the required opt-out language pursuant to the Class-Notice ordered by this court on November 22, 2017." Such relief was not sought in the motion filed by the plaintiffs nor was it contained in the proposed order submitted to the court by the plaintiffs' counsel. Thereafter, this appeal, brought by the 45 captioned nonparty-appellants (hereinafter collectively the appellants), ensued. The appellants allege that they are those class members on whose behalf Lee Litigation Group submitted the opt-out statements which the court, sua sponte, declared invalid in the February 2018 order.
CPLR 908 provides that "[a] class action shall not be dismissed, discontinued, or compromised without the approval of the court," and that "[n]otice of the proposed dismissal, discontinuance, or compromise shall be given to all members of the class in such manner as the court directs." Contrary to the plaintiffs' contention, the Supreme Court should not have, sua sponte, declared invalid certain opt-out statements that were not part of the plaintiffs' unopposed motion and which relief was not requested in the motion. "[A] court may grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party" (Frankel v Stavsky, 40 AD3d 918, 918-919; see Magid v Sunrise Holdings Group, LLC, 155 AD3d 717, 718). Here, the court strayed from this principle (see Magid v Sunrise Holdings Group, LLC, 155 AD3d at 718). The relief awarded by the court, sua sponte, in the handwritten provision in the February 2018 order is "dramatically unlike" the relief sought by the plaintiffs and was prejudicial to the appellants (Frankel v Stavsky, 40 AD3d at 919). Moreover, the opt-out statements referred to in the February 2018 order were not among the exhibits submitted on the plaintiffs' motion, and therefore were not properly before the court for consideration (see Samuelsen v Samuelsen, 124 AD2d 650, 652).
Accordingly, we reverse the February 2018 order insofar as appealed from.
BALKIN, J.P., COHEN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court