Matter of Hamm v Board of Elections in the City of New York (2021 NY Slip Op 08232)





Matter of Hamm v Board of Elections in the City of New York


2021 NY Slip Op 08232


Decided on March 17, 2021


Appellate Division, Second Department


Wooten, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2020-00990
 (Index No. 6165/19)

[*1]In the Matter of Theodore Hamm, appellant,
v
Board of Elections in the City of New York, respondent.



APPEAL by the petitioner, in a proceeding pursuant to Election Law § 3-222 to permit the examination of certain affidavit ballots and for related relief, from a final order of the Supreme Court (John G. Ingram, J.), dated November 19, 2019, and entered in Queens County. The final order denied the petition and dismissed the proceeding.



Theodore Hamm, Brooklyn, NY, appellant pro se.
James E. Johnson, Corporation Counsel, New York, NY (Elina Druker and Eric Lee of counsel), for respondent.



WOOTEN, J.


OPINION & ORDER
This appeal presents a novel issue as to whether a private citizen is entitled to petition for access to affidavit ballots for the purpose of examination under Election Law § 3-222. We conclude that the petitioner, a journalist, lacked standing and capacity to commence this proceeding to permit the examination of certain affidavit ballots.
I. Factual Summary
On June 25, 2019, a primary election was held to determine the Democratic Party nominee for the position of District Attorney of Queens County. During a canvass of the ballots, the Board of Elections in the City of New York (hereinafter the BOE) rejected a total of 353 affidavit ballots, including: (1) 230 affidavit ballots on the ground that they were submitted from the wrong polling site, and (2) 123 affidavit ballots as incomplete because, among other things, they failed to indicate the voter was a member of the Democratic Party. On July 29, 2019, the BOE certified the results of a recount showing candidate Melinda Katz as the winner by a narrow margin of 55 votes over candidate Tiffany Caban.
In October 2019, the petitioner, a journalist and Associate Professor of Journalism, commenced this proceeding against the BOE to examine the 353 affidavit ballots rejected by the BOE pursuant to Election Law § 3-222. In a supporting affidavit, the petitioner averred that "[t]here is a compelling public interest in finding out how the [rejected affidavit ballots] may have altered the outcome of the primary race." The petitioner is a nonresident of Queens County and did not vote in the primary. In response to the petition, the BOE asserted that the petition should be dismissed on the grounds that, among other things, the petitioner lacked standing to seek review of the affidavit ballots under the Election Law. The BOE added that while a voter may challenge the refusal of a board of elections to canvass that voter's own ballot pursuant to article 16 of the Election Law, the petitioner was not seeking such relief.
In a final order dated November 19, 2019, the Supreme Court denied the petition and dismissed the proceeding. The court rejected the BOE's assertions relating to standing and that [*2]Election Law § 3-222 did not provide for an "independent proceeding to examine ballots." However, the court determined that the petitioner "is not entitled to relief" under Election Law § 3-222, since the affidavit ballots at issue did not constitute "voted" or "protested" ballots within the meaning of Election Law § 3-222(2) and (3), respectively. Lastly, the court noted that its determination "is without prejudice to an appropriate FOIL application for copies of the 353 ballot envelopes, if petitioner be so advised." The petitioner appeals from the final order.
II. The Statutory Framework for Examination of Ballots
Election Law § 3-222(2) provides that "[v]oted ballots shall be preserved for two years after [an] election and the packages thereof may be opened and the contents examined only upon order of a court or judge of competent jurisdiction, or by direction of such [legislative] committee . . . if the ballots relate to the election under investigation by such committee," and that at the expiration of the two-year period, "such ballots may be disposed of at the discretion of the officer or board having charge of them." Similarly, Election Law § 3-222(3) provides that "packages of protested . . . ballots . . . shall be preserved for two years after [an] election," and that "such packages may be opened, and their contents . . . may be examined, upon the order of any court or justice of competent jurisdiction." "Together, therefore, subsections (2) and (3) establish a general default rule that ballots—whether counted or uncounted—are not freely accessible by the public during the first two years after an election and that, to examine them, a party must go through the prescribed channels supervised by the court or legislative committee" (Matter of Kosmider v Whitney, 34 NY3d 48, 56).
In Matter of Kosmider v Whitney (34 NY3d at 61), the Court of Appeals explained that Election Law § 3-222 "reflects a legislative acknowledgment 'that unfettered access to voted ballots could lead to unfettered mischief in the outcome of elections.'" Nevertheless, the Court of Appeals clarified that Election Law § 3-222 "does not categorically preclude access to voted ballots of any kind" (Matter of Kosmider v Whitney, 34 NY3d at 61-62), but rather "provides a procedure by which a party may petition a court for access, thereby ensuring that any resulting 'examination' occurs with judicial supervision" (id. at 62).
While Election Law § 3-222 provides a procedure for a party to petition a court for access to voted ballots, the statute is silent as to who is entitled to petition for such relief. However, the Court of Appeals has indicated that the legislature "has taken steps to guard against unjustified erosion of the policies of ballot secrecy and finality by curbing the extent to which parties with no role in these official processes may gain access to voted ballots" (Matter of Kosmider v Whitney, 34 NY3d at 62). The Court explained that if anyone has unfettered access to voted ballots, "[c]ompeting pronouncements concerning the results of elections from various unofficial sources—or post hoc challenges to official results based on these private vote canvasses—would undermine the integrity of the official results and the principle of election finality" (id. at 63).
Furthermore, Election Law § 16-112 provides that "[t]he supreme court, by a justice within the judicial district, or the county court, by a county judge within his county, may direct the examination by any candidate or his [or her] agent of any ballot . . . upon which his [or her] name appeared, and the preservation of any ballots in view of a prospective contest, upon such conditions as may be proper" (emphasis added). Whereas Election Law § 3-222 precludes the access of individuals to voted ballots without a court order, Election Law § 16-112 limits the authority of the court as to which individuals the court may permit to examine voted ballots. Thus, viewing Election Law § 16-112 in harmony with Election Law § 3-222, it follows that only a candidate (or his or her agent) whose name appeared on a ballot may be permitted to petition the court for access to voted ballots for the purpose of examination.
III. Analysis
"'Standing and capacity to sue are related, but distinguishable, legal concepts'" (Matter of Montano v County Legislature of County of Suffolk, 70 AD3d 203, 215, quoting Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242). "Although they are both components of a party's authority to sue, capacity requires an inquiry into the litigant's status, i.e., its power to appear and bring its grievance before the court, while standing requires an inquiry into whether the litigant has an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant's request" (Matter of Montano v County Legislature of County of Suffolk, 70 AD3d at 215 [internal quotation marks and citations omitted]). "A party 'has standing to maintain an action upon alleging an injury in fact that falls within his or her zone of interest'" (Matter of Montano v County Legislature of County of Suffolk, 70 AD3d at 215, quoting [*3]Silver v Pataki, 96 NY2d 532, 539).
Here, the petitioner averred that he is a journalist who covered the primary election for the position of District Attorney of Queens County by publishing various articles from February to August 2019, and that he was seeking to examine the affidavit ballots at issue "in his capacity as an Investigative Journalist" because "[t]here is a compelling public interest in finding out how these votes may have altered the outcome of the primary." On appeal, the petitioner clarifies that he is not seeking to "challeng[e] the certified outcome of the . . . Democratic Primary," but rather "merely seeks access to the ballots in question as part of his ongoing journalist reporting."
The petitioner failed to establish his capacity to bring this proceeding for access to the affidavit ballots at issue. Although the petitioner did not commence a proceeding pursuant to Election Law article 16 for access to the affidavit ballots, Election Law § 16-112 is not expressly limited to a proceeding pursuant to Election Law article 16, and that provision only empowers the court to direct the examination of a ballot by a candidate whose name appeared thereon (or his or her agent). Thus, insofar as Election Law § 3-222 provides that voted ballots may be examined by court order, the court would not be empowered to direct the examination of ballots by the petitioner, who was not a candidate (or a designated agent of a candidate). Further, the petitioner has not set forth a purpose for examination of the affidavit ballots which could possibly have been intended by the legislature in enacting Election Law § 3-222 (see People v McClellan, 191 NY 341, 353). Consequently, dismissal of the petition was warranted on the ground of lack of capacity.
Moreover, insofar as the petitioner does not claim to have any interest in the outcome of the primary election, the petitioner has failed to set forth any injury which the subject proceeding is intended to address so as to confer standing. In fact, the petitioner has not set forth any interest different from any other member of the public, aside from his desire to obtain access to information to aid in his career as a journalist. Moreover, any determination that the petitioner has standing to petition the court for access to the affidavit ballots at issue would be in contravention of the legislature's clear intent "to guard against unjustified erosion of the policies of ballot secrecy and finality" (Matter of Kosmider v Whitney, 34 NY3d at 62). Consequently, as the BOE asserted, dismissal of the petition also is warranted on the ground of lack of standing.
To the extent the petitioner asserted that he had no alternative to obtain access to the affidavit ballots, since the Court of Appeals' determination in Matter of Kosmider v Whitney (34 NY3d at 62-64) ruled out the possibility of making a FOIL request to examine the ballots, the instant appeal does not present an occasion to pass on the propriety of a FOIL request for the affidavit ballots at issue. Nevertheless, it is noted that the potential absence of a means for the petitioner to obtain access to the affidavit ballots at issue is a matter that is up to the legislature, rather than the courts, to address.
In light of our determination, we need not reach the BOE's remaining contentions.
Accordingly, we uphold the dismissal of the proceeding on the grounds that the petitioner lacked standing and capacity to bring this proceeding to examine the affidavit ballots at issue.
MASTRO, A.P.J., BARROS, and CONNOLLY, JJ., concur.
ORDERED that the final order is affirmed, without costs or disbursements.
ENTER:
Aprilanne Agostino
Clerk of the Court