US Bank N.A. v Ashley (2022 NY Slip Op 01200)





US Bank N.A. v Ashley


2022 NY Slip Op 01200


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-02622
 (Index No. 9291/12)

[*1]US Bank National Association, etc., respondent,
v
Melinda Ashley, etc., appellant, et al., defendants.


Alexander Krul, Long Island City, NY (Juan Paolo F. Dizon of counsel), for appellant.
Woods Oviatt Gilman LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Melinda Ashley appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated June 5, 2018. The order, sua sponte, vacated a prior order of the same court dated September 15, 2017, re-calendaring the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant, and denied, as academic, that defendant's cross motion to vacate two prior orders of the same court dated April 15, 2015, and July 18, 2017, respectively, and for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated June 5, 2018, as, sua sponte, vacated the order dated September 15, 2017, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated June 5, 2018, is affirmed, with costs.
The plaintiff commenced this action against the defendant Melinda Ashley (hereinafter the defendant), among others, to foreclose a mortgage on real property located in Brooklyn. After issue was joined, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
By order dated April 15, 2015, the Supreme Court granted the plaintiff's motion upon the defendant's default in opposing the motion. The defendant moved to vacate the order. By order dated February 3, 2016, the court denied the motion.
The plaintiff submitted to the Supreme Court a notice of settlement of order dated May 3, 2017. By order dated July 18, 2017, the court again granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
The action was then reassigned to a different Justice. By order dated September 15, 2017, the Supreme Court "re-calendared" the plaintiff's motion to November 15, 2017, based on the plaintiff's delay in submitting the notice of settlement and "this [c]ourt's preference to issue an order with knowledge of the papers." The defendant cross-moved to vacate the April 15, 2015 and July 18, 2017 orders and for summary judgment dismissing the complaint insofar as asserted against her. [*2]By order dated June 5, 2018, the court, sua sponte, vacated the order dated September 15, 2017, noting that the order dated July 18, 2017, which granted the plaintiff's summary judgment motion, remained in effect. The court noted that the court had failed to issue an order to settle order on notice and "[a]s such, [p]laintiff's delay in filing the proposed order of reference is explained." The court denied the defendant's cross motion as academic. The defendant appeals.
Pursuant to CPLR 5019(a), "[a] judgment or order shall not be stayed, impaired or affected by any mistake, defect or irregularity in the papers or procedures in the action not affecting a substantial right of a party. A trial or an appellate court may require the mistake, defect or irregularity to be cured." "[A] trial court may unilaterally and affirmatively correct minor mistakes, defects, or irregularities in its orders or judgments, after the fact, so long as the correction does "'not affect[ ] a substantial right of a party'" (Sokoloff v Schor, 176 AD3d 120, 130, quoting CPLR 5019[a]). "Trial courts have no revisory or appellate authority to correct by amendments any errors of substance in prior orders or judgments" (Sokoloff v Schor, 176 AD3d at 132).
Here, the prior order dated September 15, 2017, was based on mistaken information, and the vacatur of that order did not affect any substantial right of the defendant because she had defaulted in opposing the plaintiff's motion and the court had never vacated her default or its prior order denying her motion to vacate the default. Therefore, the court properly vacated its prior order dated September 15, 2017, pursuant to CPLR 5019(a) (see Shipkoski v Watch Case Factor Assoc., 292 AD2d 589; cf. Sokoloff v Schor, 176 AD3d 120; HSBC Bank USA, N. A. v Simmons, 125 AD3d 930). Furthermore, the court has inherent power to vacate in the interest of justice its prior order which was based on mistaken information (see Matter of Vascianno v Nedrick, 305 AD2d 420; Block v Block, 153 AD2d 601). Since the court properly vacated its prior order re-calendaring the plaintiff's motion and never vacated the defendant's default or the prior order denying the defendant's motion to vacate the default, the court also properly denied the defendant's cross motion as academic.
Accordingly, we affirm the order dated June 5, 2018.
IANNACCI, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court