UGP Acupuncture, P.C. v Progressive N. Ins. Co. (2024 NY Slip Op 50814(U))

[*1]

UGP Acupuncture, P.C. v Progressive N. Ins. Co.

2024 NY Slip Op 50814(U)

Decided on June 26, 2024

Civil Court Of The City Of New York, Kings County

Roper, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 26, 2024
Civil Court of the City of New York, Kings County

UGP Acupuncture, P.C., A/A/O GEORGE, ESTEVEZ, Plaintiff(s),

against
Progressive Northern Insurance Company, Defendant(s).

Index No. CV-700545/21-KI

The Rybak Firm, PLLC
1810 Voorhies Ave.
3rd Floor, Suite 7
Brooklyn, NY 11235
(718) 975-2035
Counsel for Plaintiff
The Law Offices of Perry and Frankson
3 Dakota Drive
Suite 201
N. New Hyde Park, NY 11042
(516) 502-1390
Counsel for Defendant

Sandra E. Roper, J.

Recitation, as required by CPLR §2219(a) of the papers considered in review of this Motion:
Papers
Notice of Motion and Exhibits Annexed 1
SANDRA ELENA ROPER, Judge of the Civil Court:
INTRODUCTION
Plaintiff moves This Honorable Court by Notice of Motion to Amend Summons and Complaint and Add New Party pursuant to CPLR 305(c), CPLR 2001, and CPLR 3025(B) to remove Defendant Progressive Northern Insurance Company as outgoing defendant and to add [*2]Country Wide Insurance Company as incoming defendant, and for such other and further relief deemed just and proper.
PROCEDURAL AND FACTUAL HISTORY
Plaintiff medical provider UGP Acupuncture P.C. (hereinafter referred to as UGP) commenced this No-Fault action against Insurer Defendant Progressive Northern Insurance Company (hereinafter referred to as Progressive) for payment reimbursement for medical services rendered to alleged EIP-Assignor for injuries allegedly sustained as a result of a motor vehicle accident (hereinafter referred to as MVA) occurring on or about July 22, 2018. Summons and complaint filed with clerk of court on January 11, 2021. Defendant failed to serve Answer thus Plaintiff filed for Default Judgment on July 22, 2021, which was rejected by clerk of court on July 5, 2022. Thereafter, issue was joined on August 12, 2021, service of Defendant's Answer, dated August 5, 2021, which was acknowledged as received by Plaintiff on August 16, 2021, and filed with clerk of court on or about October 14, 2021. The Parties executed Stipulation of Settlement and Discontinuance dated July 23, 2021 in which was contained: "The index number 700545/21 is preserved for Plaintiff to reserve the correct insurance carrier." (NYSCEF document #4).
Thereabouts ten months after the execution of the Stipulation of Settlement and Discontinuance disposing the case, Plaintiff filed on May 28, 2022, the instant Motion to Amend to add new incoming Insurer Defendant Country Wide Insurance Company which was dated and served upon both outgoing No-Fault Insurer Defendant and purported incoming No-Fault Insurer Defendant on September 21, 2021, two months after the disposition of the case by the execution of the Stipulation of Settlement and Discontinuance. This instant motion to Amend was first on to be heard on June 30, 2022. On that date and continuing to the present, outgoing No-Fault Insurer Defendant did not file any responsive papers to the motion. After this first appearance on August 23, 2023, two years after the execution of the Stipulation of Settlement and Discontinuance disposing the case, it was uploaded to NYSCEF. The motion was adjourned to November 13, 2023, then to February 20, 2024. On February 20, 2024, This Court presided, upon which both Plaintiff and outgoing No-Fault Insurer Defendant did appear in which outgoing No-Fault Insurer Defendant asserted that it had no objection to the motion to amend, thereby in the routine matter of course, Interim Order was issued adjourning the motion to March 25, 2024 and ordering Plaintiff to mail the papers to incoming No-Fault Insurer Defendant with proof of its address within 20 days of the order. However, Plaintiff failed to state that incoming No-Fault Insurer Defendant had been previously served on September 21, 2021. More importantly, both Parties, more so particularly to the detriment of the outgoing No-Fault Insurer Defendant, failed to substantively convey to This Court's attention the import of the August 31, 2023 NYSCEF filed Stipulation of Settlement which although unintended, was effectively nevertheless a de-facto and a de jure disposition of the case in its entirety. Having been adjourned from March 25, 2024 to May 22, 2024 then May 24, 2024, on which oral arguments were heard and decision was reserved.
DISCUSSION
Over the past year, This Court has presided over an exponentially rising trend of no-fault motions to amend to replace an incorrect outgoing No-Fault Insurer Defendant with an alleged purported incoming No-Fault Insurer Defendant, with cases having been filed many years [*3]previously. Many of these motions to amend at first blush ab initio evidenced various defenses available to the purported incoming No-Fault Insurer Defendant, i.e. statute of limitations as well as violations of the stringent no-fault insurance law timelines, inter alia. Nevertheless, This Court deemed it an unauthorized abuse of the exercise of judicial discretion to sua sponte address potential defenses of the incoming No-Fault Insurer Defendant. Most obviously, an outgoing No-Fault Insurer Defendant is incentivized and has a vested interest to either stipulate to such amendment, not oppose, or abstain for the amendment to be granted by the Court, which would relieve the outgoing No-Fault Insurer Defendant from further litigation of the case and the attendant costs thereof. In the interest of the administration of justice and judicial efficiency and economy, notwithstanding the No-Fault Plaintiff's Bar objections, This Court devised an Interim Order, directing the plaintiffs to give notice by mailing a copy of the motion to amend to the purported incoming No-Fault Insurer Defendant within 20 days and motion adjourned to a date certain for oral argument and ultimate decision allowing incoming No-Fault Insurer Defendant to have an opportunity to be heard and present any of its dispositive defenses in opposition to the motion to amend.
At some point after This Court instituted the interim order procedure, plaintiffs and outgoing defendants of their own volition in attempt to circumvent court intervention would enter into stipulations to amend inuring to both their benefits in an attempt to bypass the court's interim order, which This Court rejected. Similarly, albeit more so improperly, in this instant matter, Plaintiff and outgoing Defendant herein attempted to entirely bypass judicial intervention altogether and issue order and directive directly to the clerk of court. Here, Plaintiff filed motion to amend with clerk of court on May 28, 2022, although served September 21, 2021, upon outgoing No-Fault Insurer Defendant and purported incoming No-Fault Insurer Defendant Countrywide Insurance Company, of which parties failed to advise This Court at the February 20, 2024 appearance, which would have obviated the issuance of the Interim Order. It is a rarity for This Court to encounter the proposed incoming No-Fault Insurer Defendant having been served or given notice of the underlying motion to amend. On the contrary, plaintiffs have quite zealously argued against interim orders for providing notice to the purported incoming No-Fault Insurer Defendants since not yet a party and having no standing until the amendment is judicially granted. It is this lack of notice to the incoming No-Fault Insurer Defendant which propelled This Court to devise interim orders.
Here, since the parties failed to alert This Court that incoming No-Fault Insurer Defendant had been previously served thereby already being noticed, thus unnecessarily the interim order was issued accordingly as a matter of course for notice to incoming No-Fault Insurer Defendant Countrywide Insurance Company within 20 days and adjourned for oral argument, which occurred on May 24, 2024. It was at this time that Defendant first argued that it was no longer part of the case since it had previously settled with Plaintiff, notwithstanding that it full-well knew that it was not the proper Defendant-Insurer. In the interest of dispositive finality and reduction of litigation costs, nevertheless it settled for nuisance value for attorney fees and filing fee by Stipulation of Settlement and Discontinuance, fully executed, dated July 23, 2021. This Stipulation of Settlement and Discontinuance was not so ordered by any jurist. Therefore, this agreement was solely between the parties, without nary act of judicial intervention. Plaintiff woefully errs in its argument that the clause contained within the Stipulation of Settlement and Discontinuance, "1. The index number 700545/21 is preserved for Plaintiff to reserve the correct insurance carrier." (NYSCEF document #4), binds the court to [*4]do what it says to do- namely to preserve the index number merely based on the agreement of litigating parties of their own volition without judicial intervention. Herein, based upon Plaintiff's very argument that interim orders are procedurally improper since incoming No-Fault Insurer Defendant has no standing until amendment judicially granted, likewise, in the same vein, by virtue of settling and discontinuing with the sole party defendant with standing, the index number is thereby rendered extinguished and disposed.[FN1]
As herein, an index number without any party defendant is a rudderless nullity that cannot be preserved by mere contract by the party litigants in the court's administration of justice. Certainly, party litigants may contractually mutually agree by stipulation to all manners and variations of relief, however, the relief may not be sanctioned by, nor be binding upon, nor be abided by the Court. The marking of this index number as disposed and the acceptance of the filing of the motion to amend as being filed post-disposition are merely ministerial acts of the clerk of court which is devoid of discretion. The discretion herein lies with the court's judicial intervention to rectify, nullify and invalidate the improper language Plaintiff seeks to enforce upon the clerk of court herein. This Court rejects Plaintiff's argument and finds that the Stipulation of Settlement and Discontinuance dated July 23, 2021 renders the index number entirely disposed [FN2]
.
Plaintiff's further argument that despite the foregoing, This Court lacks the judicial discretion to sua sponte vacate its Interim Order dated February 20, 2024, is rejected. The court is vested with judicial discretion to be exercised scrupulously and providently. Although, such exercise is not unfettered and is limited particularly in granting dispositive relief sua sponte [FN3]
. Most recently but a mere few months ago, it has been upheld : "Generally, a court may, in its discretion, grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party" (Hersko v Hersko, 224 AD3d 810, 812-813 [2d Dept 2024] citing Newburgh Commercial Dev. Corp. v Cappelletti, 216 AD3d 978, 981 [2d Dept 2023] and Robinson v Big City Yonkers, Inc., 179 AD3d 961, 963 [2d Dept 2020]). Further, but a mere month ago, it was held:
"Pursuant to CPLR 5019(a), a trial court has the discretion to correct an order or judgment which contains a mistake, defect, or irregularity not affecting a substantial right of a party, or is inconsistent with the decision upon which it is based. However, a trial court has no revisory or appellate jurisdiction, sua sponte, to vacate its own order or judgment"
(Am. Home Mtge. Servicing, Inc. v Kaplan, ___AD3d___, 2024 NY Slip Op 02294 [2024] quoting Adams v Fellingham, 52 AD3d 443, 444 [2d Dept 2008] citing US Bank N.A. v Ashley, 202 AD3d 1142, 1144 [2d Dept 2022]; United Airconditioning Corp. v Axis Piping, 194 AD3d 981, 984-985 [2d Dept 2021]; JSO Assoc., Inc. v Price, 104 AD3d 737, 738 [2d Dept 2013]).
"[A] substantive change to a prior order or judgment . . . cannot be made under CPLR 5019(a), even with notice to the parties and an opportunity to be heard. Trial courts have no revisory or appellate authority to correct by amendments any errors of substance in prior orders or judgments"
(Id. quoting Sokoloff v Schor, 176 AD3d 120, 132 [2d Dept 2019]; citing Herpe v Herpe, 225 NY 323, 327 [1919]).
Unbeknownst to This Court, it was based upon erroneous facts that the Interim Order was granted on an entirely disposed index number and that the incoming Defendant Countrywide Insurance Company had previously been provided notice by service on September 21, 2021. It was incumbent on the parties to have advised This Court of these two facts, which they failed to so do. Thus, the Interim Order should not have been issued ab initio and it is a provident exercise of judicial discretion in the justiciable administration of justice that it be vacated sua sponte. This is not dispositive judicial relief here, since this index number was previously disposed prior to the May 28, 2022 filing of the motion to amend by party litigants' own volition by virtue of the mutually contractually agreed upon Stipulation of Settlement and Discontinuance. Rather, this is a judicial administrative rectification of the clerk of court files and records. The procedurally improper language as to the contradictory and incongruous attempted hybrid Stipulation of Settlement and Discontinuance yet reserving the preservation of the index number devoid of any party defendant by mere contract of party litigants without judicial intervention, is wholly procedurally improper and is thus rejected. Neither is it herein revisory or an exercise of appellate authority in the sua sponte vacating of the Interim Order. This Court's sua sponte exercise of judicial discretion to vacate this February 20, 2024 Interim Order is warranted by the mistake and irregularity of the foundation underlying its issuance based upon the facts and proof plainly appearing in the clerk of court files and records, Plaintiff's and Defendant's papers; it is consistent with the relief sought in the motion to amend; it does not affect a substantial right nor prejudices neither party since they both of their own volition mutually contractually settled and discontinued this action no matter how in artfully drafted to their detriment in attempt to improperly impose directive without judicial intervention upon the clerk of court.
For the foregoing reasons, This Court Sua Sponte Vacates Interim Order dated February 20, 2024, and Plaintiff's Motion to Amend Summons and Complaint and Add New Party pursuant to CPLR 305 (c), CPLR 2001, and CPLR 3025 (b) to remove outgoing No-Fault Insurer Defendant Progressive Northern Insurance Company as outgoing defendant and to add proposed incoming No-Fault Insurer Countrywide Insurance Company is hereby deemed moot as index number was disposed as of July 23, 2021 by Stipulation of Settlement and Discontinuance.
This constitutes the opinion, decision, and order of This Honorable Court.
Dated: June 26, 2024
Brooklyn, New York
SO ORDERED:
______________________________
Hon. SANDRA ELENA ROPER
Judge of the Civil Court

Footnotes

Footnote 1:Barring of course, post-disposition motions to enforce stipulation of settlement and discontinuance or allegation of fraud or forgery in its inducement, inter alia. 

Footnote 2:n 1.

Footnote 3:See Primavera Physical Therapy, P.C. v State Farm Ins. Co., 82 Misc 3d 1211 [A], 2024 NY Slip Op 50276 [U] (Civ Ct, Kings County 2024 ["This Court is mandated and shall take judicial notice Sua Sponte of any DJ actions duly entered in courts of superior jurisdiction, as is herein, that may be attendant or relevant to the instant action before it, from any source during its deliberation, whether neither party brings it to This Court's attention."].