Kushakow v Law Offs. of Joseph B. Rosenberg (2026 NY Slip Op 00882)

Kushakow v Law Offs. of Joseph B. Rosenberg

2026 NY Slip Op 00882

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2024-05892
 (Index No. 613924/21)

[*1]Bruce Kushakow, appellant, 
vLaw Offices of Joseph B. Rosenberg, et al., respondents.

Warren S. Hecht, Forest Hills, NY, for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Jamie R. Wozman and Eesha Malyala of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Catherine Rizzo, J.), entered February 14, 2024. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant Joseph B. Rosenberg and his firm, the defendant Law Offices of Joseph B. Rosenberg, to recover damages for legal malpractice, fraud, negligent misrepresentation, breach of fiduciary duty, unjust enrichment, and violation of Judiciary Law § 487, and for a constructive trust. The plaintiff alleged that the defendants were retained as estate planning counsel by the plaintiff's parents, Stanley Kushakow (hereinafter Stanley) and Rita Kushakow (hereinafter Rita) in 2004. In 2005, the defendants prepared, among other things, wills and various trust documents for Stanley and Rita. The plaintiff alleged that in June 2007, Rita obtained a life insurance policy with a pay out in the sum of $10,000,000, naming Stanley as the sole beneficiary. After Stanley died in August 2014, the beneficiary of the policy was not changed, such that Stanley remained the beneficiary. On November 6, 2015, Rosenberg met with Rita to review various new estate planning documents, including, inter alia, her 2015 will, nominating Rosenberg as co-executor with the plaintiff, and a disclosure as to commissions and fees of attorney/fiduciary, which allowed for the attorney/fiduciary to receive a full commission. On September 8, 2020, Rita died. According to the plaintiff, it was the family's intention to leave the life insurance policy proceeds to the plaintiff. The plaintiff alleged that because no amendments were made to the life insurance policy after Stanley's death, nor were estate planning devices undertaken by the defendants, the proceeds from the life insurance policy passed through Rita's estate, causing estate taxes to be applied and depriving the plaintiff of the full proceeds, while generating the sum of approximately $234,000 in commissions and other fees to the defendants.
The defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint. In an order entered February 14, 2024, the Supreme Court granted the motion, concluding, among other things, that the plaintiff lacked the capacity to sue. The plaintiff appeals.
Even where a notice of motion and supporting affirmation do not formally and specifically request certain relief, "'[a] court may grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party'" (Robinson v Big City Yonkers, Inc., 179 AD3d 961, 963, quoting Frankel v Stavsky, 40 AD3d 918, 918-919; see Matter of Blauman-Spindler v Blauman, 68 AD3d 1105, 1106). There is no requirement that a movant identify a specific statute or rule in the notice of motion, only that the notice "specify . . . the relief demanded and the grounds therefor" (CPLR 2214[a]).
"[S]tanding . . . concerns the absence or presence of a sufficiently cognizable stake in the outcome of the litigation" (Nicke v Schwartzapfel Partners, P.C., 148 AD3d 1168, 1171), whereas "[c]apacity to sue concerns a litigant's power to appear and bring [his or her] grievance before the court" (id. at 1170). "Standing and capacity to sue are related, but distinguishable, legal concepts . . . [and] are both components of a party's authority to sue" (Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242; see Matter of Hamm v Board of Elections in the City of N.Y., 194 AD3d 73, 77). Lack of standing and lack of capacity are both addressed within the scope of the same statutory subdivision, CPLR 3211(a)(3) (see Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 89).
A "proposed" administrator who has not obtained letters of administration lacks capacity to bring an action to recover damages on behalf of the decedent's estate (see Gulledge v Jefferson County, 172 AD3d 1666, 1667; Muriel v New York City Health & Hosps. Corp., 52 AD3d 792, 792).
Here, the relief awarded by the Supreme Court, in the form of directing dismissal of the amended complaint based on the plaintiff's lack of capacity, was not too dramatically unlike the relief sought by the defendants and was not prejudicial to the plaintiff (see Robinson v Big City Yonkers, Inc., 179 AD3d at 963; Matter of Blauman-Spindler v Blauman, 68 AD3d at 1106). Although in their motion pursuant to CPLR 3211(a) to dismiss the amended complaint, the defendants did not formally and specifically request dismissal of the amended complaint on the ground of lack of capacity, they did argue for dismissal on the ground of lack of standing, based upon the plaintiff's failure to provide letters testamentary to enable him to sue the defendants on behalf of Rita's estate (see Matter of Blauman-Spindler v Blauman, 68 AD3d at 1106; see also Matter of Hamm v Board of Elections in the City of N.Y., 194 AD3d at 77). While the court directed dismissal of the amended complaint for lack of capacity rather than lack of standing, the basis for the dismissal was for the same reason argued by the defendants, that is, that the plaintiff had not provided letters of administration or letters testamentary enabling him to initiate a lawsuit on behalf of Rita's estate (see Matter of Blauman-Spindler v Blauman, 68 AD3d at 1106; see also Matter of Hamm v Board of Elections in the City of N.Y., 194 AD3d at 77). Thus, the court properly treated the motion as one made, in effect, pursuant to CPLR 3211(a)(3) to dismiss the amended complaint for lack of capacity (see Matter of Blauman-Spindler v Blauman, 68 AD3d at 1106) and properly directed dismissal of the amended complaint on that ground, as the plaintiff's failure to provide letters of administration or letters testamentary deprived him of capacity to bring this lawsuit on behalf of Rita's estate (see Gulledge v Jefferson County, 172 AD3d at 1667; Muriel v New York City Health & Hosps. Corp., 52 AD3d at 792). Thus, the facts plainly appearing on the papers warranted the relief granted (see Matter of Blauman-Spindler v Blauman, 68 AD3d at 1106).
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., CHRISTOPHER, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court