■ VASO DEMACOPOULOS, Respondents, v CITY OF NEW YORK et al., Respondents, and CAPORUSSO CONTRACTING CORP., Appellant, et al., Defendant. [899 NYS2d 889]—

In an action to recover damages for personal injuries, etc., the defendant Caporusso Contracting Corp. appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered July 29, 2009, which denied its motion pursuant to CPLR 3212 for leave to serve and file a late motion for summary judgment and for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Generally, unless a trial court specifies otherwise, a party has 120 days after the filing of a note of issue to move for summary judgment, after which it may do so only with "leave of court on good cause shown" (CPLR 3212 [a]). CPLR 3212 (a) "requires a showing of good cause for the delay in making the motion—a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy" (*Brill v City of New York*, 2 NY3d 648, 652 [2004]). A trial court has discretion in determining whether to consider a motion for summary judgment made more than 120 days after the filing of a note of issue (*see* CPLR 3212 [a]; *Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 129 [2000]).

Here, the Supreme Court providently exercised its discretion in denying the motion of the defendant Caporusso Contracting Corp. for leave to serve and file a late motion for summary judgment and for summary judgment dismissing the complaint and all cross claims insofar as asserted against it because it failed to make the requisite showing (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d at 652-653; *Joson v G & S Realty 1, LLC*, 68 AD3d 1061 [2009]).

The parties' remaining contentions are without merit. Skelos, J.P., Santucci, Leventhal and Hall, JJ., concur.