■ Cesar Carrasco, Respondent, v Neil J. Weissman, Esq., et al., Defendants, and 102 Partners, LLC, et al., Appellants. [992 NYS2d 268]—

In an action to recover damages for personal injuries, the defendants 102 Partners, LLC, Bellerose Builders, Inc., and Jackson Development Group, Ltd., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated April 30, 2013, as (a), in effect, granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them, (b) granted that branch of the plaintiff's cross motion which was for leave to renew that branch of his prior cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them, and, upon renewal, vacated the determination in a prior order of the same court dated May 22, 2012, conditionally granting that branch of the plaintiff's prior cross motion, and thereupon unconditionally granted that branch of the plaintiff's prior cross motion, and (c) denied their motion for leave to serve and file a late motion for summary judgment dismissing the complaint insofar as asserted against them and thereupon award them summary

judgment dismissing the complaint insofar as asserted against them, and the defendant NCJ Development, Inc., separately appeals, as limited by its brief, from so much of the same order dated April 30, 2013, as (a), in effect, granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it, (b) granted that branch of the plaintiff's cross motion which was for leave to renew that branch of his prior cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it and, upon renewal, vacated the determination in the order dated May 22, 2012, conditionally granting that branch of the plaintiff's prior cross motion, and thereupon unconditionally granted that branch of the plaintiff's prior cross motion, and (c) denied its separate motion for leave to renew its prior motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it, which had been denied in the order dated May 22, 2012.

Ordered that the order dated April 30, 2013, is modified, on the law, (1) by deleting the provision thereof, in effect, granting that branch of the plaintiff's cross motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against the appellants, and substituting therefor a provision denying that branch of the plaintiff's cross motion, and (2) by deleting the provision thereof granting that branch of the plaintiff's cross motion which was for leave to renew his prior cross motion, and substituting therefor a provision denying that branch of the plaintiff's cross motion which was for leave to renew; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in, in effect, granting that branch of the plaintiff's cross motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 241 (6) against the defendants 102 Partners, LLC, Bellerose Builders, Inc., and Jackson Development Group, Ltd., and the defendant NCJ Development, Inc. (hereinafter collectively the appellants), since the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on that cause of action. Further, the Supreme Court erred in granting that branch of the plaintiff's cross motion which was for leave to renew his prior cross motion for unconditional summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) against the appellants, which had been

conditionally granted in an order dated May 22, 2012. That branch of the plaintiff's cross motion which was for leave to renew was not based on new facts or a change in the law that would change the prior determination (*see* CPLR 2221 [e] [2]; *Frenchman v Lynch*, 97 AD3d 632, 633 [2012]; *Elbaz v New York City Hous. Auth.*, 90 AD3d 986, 987 [2011]). We note that, in a related appeal, this Court, among other things, awarded summary judgment to the defendant NCJ Development, Inc. (hereinafter NCJ), dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it and, upon searching the record, awarded summary judgment dismissing that cause of action insofar as asserted against the defendants 102 Partners, LLC, Bellerose Builders, Inc., and Jackson Development Group, Ltd. (*see Carrasco v Weissman*, 120 AD3d 531 [2d Dept 2014] [decided herewith]). Accordingly, NCJ's contention that the Supreme Court should have granted it leave to renew that branch of its motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it has been rendered academic.

The Supreme Court properly denied the motion of the defendants 102 Partners, LLC, Bellerose Builders, Inc., and Jackson Development Group, Ltd., which was for leave to serve and file a late motion for summary judgment and thereupon award them summary judgment dismissing the complaint insofar as asserted against them. Those defendants failed to establish good cause for not timely serving the motion as required by CPLR 3212 (a) (*see Brill v City of New York*, 2 NY3d 648 [2004]; *Demacopoulos v City of New York*, 73 AD3d 842 [2010]). Accordingly, those defendants were not entitled to consideration of their request for summary judgment dismissing the complaint insofar as asserted against them, although we note that, by virtue of our determination in the related appeal, they have already been awarded summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against them.

There is no merit to NCJ's contentions that the Supreme Court should have granted it leave to renew those branches of its prior motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law §§ 241 (6) and 200, and common-law negligence insofar as asserted against it. As to the cause of action alleging a violation of Labor Law § 241 (6), NCJ cites to a purported change in the law, to wit, this Court's decision and order in *Mendez v Jackson Dev. Group, Ltd.* (99 AD3d 677 [2012]), an action commenced by the plaintiff's coworker, who was injured in the same accident as

the plaintiff. In that decision and order, this Court concluded that the regulation cited by the coworker, Johnny Mendez, in support of his Labor Law § 241 (6) cause of action was inapplicable because the regulation—12 NYCRR 23-1.7 (e) (2)—was "designed to protect against tripping hazards and sharp projections on floors and platforms," and Mendez did not testify that he tripped on a tripping hazard (*Mendez v Jackson Dev. Group, Ltd.*, 99 AD3d at 679 [internal quotation marks omitted]). In the present case, however, the plaintiff testified at his deposition that the accident occurred when he tripped on a brick. Thus, this Court's decision in *Mendez* did not constitute a change in the law that would have changed the Supreme Court's prior determination in connection with the Labor Law § 241 (6) cause of action. Further, NCJ did not identify any new facts or change in the law pertaining to those branches of its prior motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence and the cross claims asserted against it. Skelos, J.P., Chambers, Hall and Miller, JJ., concur.