ing any further motions, actions, or proceedings without prior written approval from the court, were not an improvident exercise of discretion under the circumstances (*see* 22 NYCRR 130-1.1; *Matter of Barash v Northern Trust Corp.*, 54 AD3d 407 [2008]). Mastro, J.P., Chambers, Austin and Miller, JJ., concur.

■ Antonio Silva, Plaintiff, v FC Beekman Associates, LLC, et al., Defendants/Third-Party Plaintiffs-Appellants. Gotham Safety Service Corp., Third-Party Defendant-Respondent. [3 NYS3d 615]—

In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered April 29, 2013, as denied their cross motion for summary judgment on the issue of liability on their cause of action for common-law indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

Unless a trial court specifies otherwise, a party has 120 days after the filing of a note of issue to move for summary judgment, after which it may do so only with leave of court on good cause shown (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Carrasco v Weissman*, 120 AD3d 534, 536 [2014]; *Demacopoulos v City of New York*, 73 AD3d 842 [2010]). Here, the court set an earlier deadline. The appellants failed to establish good cause for not timely serving the papers in connection with their cross motion for summary judgment on the issue of liability on their third-party cause of action for common-law indemnification within the time limit set by the court (*see Brill v City of New York*, 2 NY3d at 652; *Demacopoulos v City of New York*, 73 AD3d at 842; *Carrasco v Weissman*, 120 AD3d at 536). Accordingly, the Supreme Court properly denied their cross motion as untimely.

In light of our determination, we do not consider the appellants' remaining contention. Rivera, J.P., Chambers, Miller and Duffy, JJ., concur.