■ SHELDON SEIDMAN, Respondent, v INDUSTRIAL RECYCLING PROPERTIES, INC., Appellant, et al., Defendants. [39 NYS3d 506]—In an action to foreclose a mortgage, the defendant Industrial Recycling Properties, Inc., appeals from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), entered November 22, 2013, as denied that branch of its motion which was for leave to renew that branch of its prior motion which was for summary judgment on the issue of an award of damages on its counterclaim alleging breach of contract, which had been denied in an order of the same court entered March 14, 2012.

Ordered that the order entered November 22, 2013, is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to foreclose a mortgage

alleging, inter alia, that the defendant Industrial Recycling Properties, Inc. (hereinafter Industrial), failed to maintain insurance on the subject property as required by the mortgage (*see Seidman v Industrial Recycling Props., Inc.*, 106 AD3d 983 [2013]). Industrial asserted a counterclaim alleging breach of contract (*see id.* at 984). In an order entered March 14, 2012, the Supreme Court, inter alia, denied those branches of Industrial's motion which were for summary judgment on the issue of liability and an award of damages on its counterclaim alleging breach of contract (*see id.*). In a decision and order dated May 22, 2013, this Court modified the March 14, 2012, order, and granted that branch of Industrial's motion which was for summary judgment on the issue of liability on the counterclaim alleging breach of contract (*see id.* at 983). Industrial thereafter moved, among other things, for leave to renew that branch of its prior motion which was for summary judgment on the issue of an award of damages on that counterclaim. In the order appealed from, the Supreme Court denied that branch of the motion.

The Supreme Court properly denied that branch of Industrial's motion which was for leave to renew that branch of its prior motion which was for summary judgment on the issue of an award of damages on its counterclaim alleging breach of contract. In support of its motion, Industrial did not provide new facts or new law that would change the court's prior determination (*see* CPLR 2221 [e] [3]; *Carrasco v Weissman*, 120 AD3d 534 [2014]). Eng, P.J., Balkin, Hall and Barros, JJ., concur.