## 21st Mtge. Corp. v Deane

2025 NY Slip Op 32001(U)

June 4, 2025

Supreme Court, Kings County

Docket Number: Index No. 13656/14

Judge: Cenceria P. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 4th day of June, 2025.

P R E S E N T :

HON. CENCERIA P. EDWARDS,
                                                  Justice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

21ST MORTGAGE CORPORATION, AS MORTGAGE LOAN SERVICER TO WILMINGTON SAVINGS FUND SOCIETY, FSB, A FEDERAL SAVINGS BANK D/B/A CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY IN ITS CAPACITY AS TRUSTEE FOR AND ON BEHALF OF THE KNOXVILLE 2012 TRUST,

                                        Plaintiff,

        - against -                                                    Index No.13656/14

VERLINDA DEANE; LASALLE NATIONAL BANK, AS TRUSTEE FOR AFC MORTGAGE LOAN ASSET BACKED CERTIFICATES, SERIES 1994-3, CLASS 1 CERTIFICATES, UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF SEPTEMBER 1, 1994; BENEDICT JORDAN; DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT; CONSOLIDATED EDISON CO. OF NEW YORK, INC.; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; "JOHN DOE" AND "JANE DOE" said names Being fictitious, it being the intention of Plaintiff To designate any and all occupants of premises Being foreclosed herein,

                                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| The following e-filed papers read herein: | NYSCEF Doc Nos. |
|---|---|
| Notice of Motion/Order to Show Cause/Cross Motion and Affidavits (Affirmations) | 6-35    40-43 |
| Opposing Affidavits (Affirmations) | 40-43    45-47 |
| Reply Affidavits (Affirmations) | 45-47 |

[* 1]

Upon the foregoing papers in this action to foreclose a mortgage encumbering the residential property at 394 East 96ᵗʰ Street in Brooklyn (Block 4670, Lot 63) (Property), plaintiff 21ST Mortgage Corporation, as Mortgagee Loan Servicer to Wilmington Savings Fund Society, FSB, a Federal Savings Bank d/b/a Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, Solely in its Capacity as Trustee for and on behalf of the Knoxville 2912 Trust (21ST Mortgage Corporation or Plaintiff) moves (in motion sequence [mot. seq.] four) for an order: (1) granting it leave to renew Plaintiff's summary judgment motion and, upon renewal, awarding Plaintiff summary judgment, striking the answer and affirmative defenses of defendant Verlinda Deane (Deane or Defendant), awarding Plaintiff a default judgment against the non-appearing defendants and appointing a referee to compute the amounts due (NYSCEF Doc No. 6).

Defendant Deane cross-moves (in mot. seq. five) for an order: (1) pursuant to CPLR 3212, granting her summary judgment dismissing the complaint because the plaintiff failed to comply with RPAPL § 1304, and (2) denying Plaintiff's motion (NYSCEF Doc No. 40).

## **Background**

On September 22, 2014, more than six years after Plaintiff's predecessor, Residential Funding Company, LLC (Residential), voluntarily discontinued a 2007 foreclosure action that it commenced against Defendant Deane on December 20, 2007,[1] plaintiff commenced this action to foreclose the mortgage encumbering Deane's Property.

---

[1] *See Residential Funding Company, LLC v Deane et al.*, Kings County index No. 46568/2007 (2007 Foreclosure Action).

2

[* 2]

Deane allegedly defaulted under the modified mortgage by failing to make the monthly mortgage payment that was due on March 1, 2009, and thereafter (NYSCEF Doc No. 1 [complaint] at ¶ 10).

On October 1, 2015, Deane's counsel served a notice of appearance (NYSCEF Doc No. 1 at 147-149). On or about January 15, 2016, Defendant Deane answered the complaint with a general denial and asserted affirmative defenses, including lack of standing, that "[t]he action is time-barred because, prior to the commencement of this instant action, more than six years have elapsed since the entire mortgage debt became due and payable" and "plaintiff or its predecessors in interest failed to provide proper notice of default to the answering defendant pursuant to RPAPL § 1304" (*id.* [answer] at 151-158). On February 8, 2016, Deane filed an amended answer to the complaint (*id.* at 159-166).

On or about March 15, 2016, Plaintiff moved for summary judgment, an order of reference and a default judgment against the non-appearing defendants (*id.* at 171-172). On or about July 22, 2016, Defendant Deane opposed the motion and cross-moved for summary judgment dismissing the complaint based on the expiration of the statute of limitations and Plaintiff's lack of standing (*id.* at 168). Regarding the statute of limitations, Plaintiff's counsel argued that Residential lacked standing to commence the 2007 Foreclosure Action on December 20, 2007, because Residential "was not assigned the mortgage until December 31, 2007" (*id.* at 185).

3

### *The Court's November 2016 Decision and Order*

By a November 3, 2016, decision and order, the court (Dear, J.) denied both Plaintiff's summary judgment motion and Defendant Deane's summary judgment cross-motion, holding that there are issues of fact as to whether this action was timely:

> "Here, it is undisputed that a prior action to foreclose on the mortgage in question was filed on 12/24/07, constituting an acceleration. It is also clear that the instant action was filed on 9/22/14, more than six years later. Plaintiff argues that the plaintiff in the 2007 action, Residential, did not have standing. In support, it points to an assignment of mortgage from MERS to Residential dated 12/31/07, one week after that action was filed. That is not dispositive, however, as to when Residential acquired the note (whether by assignment or delivery). The endorsement on the note is undated and sheds no light either and no affidavit from someone with personal knowledge of the acquisition by Residential has been submitted. Accordingly, *issues of fact remain as to whether this action was timely filed*.
>
> "Plaintiff has, however, demonstrated that it has standing, submitting an affidavit based on its business records specifying when (prior to the commencement of the action) it acquired the endorsed-in-blank note" (*id.* at 169-170 [emphasis added]).

### *Plaintiff's Instant Renewal Motion*

On August 20, 2021, Plaintiff moved for leave to renew its motion for summary judgment and an order of reference and, upon renewal, Plaintiff seeks an order granting it summary judgment, striking Deane's answer and appointing a referee to compute (NYSCEF Doc No. 6). Plaintiff's counsel submits an affirmation asserting that renewal is warranted because there has been a change in the law when the New York Court of Appeals issued *Freedom Mtge. v Engel*, 37 NY1 (2021) (*Engel*), in which the Court held that a

4

[* 4]

voluntary discontinuance of a foreclosure action constitutes a de-acceleration of the mortgage debt (NYSCEF Doc No. 9 at ¶¶ 43-56). Plaintiff's counsel asserts that "[a]pplying the Court of Appeals holding and reasoning to the instant case, the voluntary discontinuance of the 2007 Action by then-plaintiff Residential . . . constituted an affirmative revocation of acceleration as a matter of law" (*id.* at ¶ 56).

### *Defendant Deane's Cross-Motion*

On August 17, 2022, Defendant Deane opposed Plaintiff's renewal motion and cross-moved for summary judgment dismissing the complaint based on Plaintiff's failure to strictly comply with RPAPL § 1304 (NYSCEF Doc No. 40). Defense counsel asserts that "Deane established her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her by showing that the plaintiff failed to comply with RPAPL § 1304 *when it sent additional material in the same envelope* as the requisite notice under RPAPL 1304" based on the Second Department's holding in *Bank of Am., N.A. v Kessler*, (202 AD3d 10 [2021]) (NYSCEF Doc No. 41 at ¶¶ 11-12).

### Discussion

### *(1)*

### *Plaintiff's Renewal Motion*

A motion for leave to renew must be based upon new facts or a change in the law, not offered on the original application, 'that would change the prior determination'" (*Seidman v Industrial Recycling Properties, Inc.*, 143 AD3d 970, 971 [2d Dept 2016]; *Carrasco v Weissman*, 120 AD3d 534, 537 [2d Dept 2014]; CPLR 2221 [e] [3]). The

[* 5]

change in the law must be outcome-determinative to be the basis for a motion to renew

(*DeRaffele Mfg. Co., Inc. v Kaloakas Mgt. Co.*, 48 AD3d 807, 809 [2d Dept 2008]).

Plaintiff moves for leave to renew its summary judgment motion based on the Court

of Appeals' holding in *Engel* and, upon renewal, seeks an order granting it summary

judgment, striking Defendant Deane's answer, granting it a default judgment and

appointing a referee.  In *Engel*, the Court of Appeals held, in relevant part, that:

> "where acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (*Engel*, 37 NY3d at 32).

Importantly, the New York State Legislature subsequently enacted the Foreclosure Abuse

Prevention Act (FAPA) in December 2022, which reversed the Court's holding in *Engel*.

As the Second Department noted:

> "FAPA had the effect of nullifying this particular holding in *Engel*.  FAPA amended CPLR 3217, governing the voluntary discontinuance of an action, by adding a new paragraph (e), which provides that '[i]n any action on an instrument described under [CPLR 213 (4)], *the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period* to commence an action and to interpose a claim, unless expressly prescribed by statute'" (*GMAT Legal Title Tr. 2014-1 v Kator*, 213 AD3d 915, 917 [2d Dept 2023]; *see also HSBC Bank USA, Nat'l Ass'n v Islam*, 221 AD3d 672, 674 [2d Dept 2023] [emphasis added]).

Here, is there is no ground to grant Plaintiff leave to renew its summary judgment

motion based on the now-reversed holding in *Engel*. Applying FAPA, Residential's motion

6

[* 6]

to discontinue the 2007 Foreclosure Action, which was granted by a July 9, 2012 order, did not de-accelerate the mortgage debt that Residential accelerated when it commenced the 2007 Foreclosure Action on December 20, 2007 (*Anglestone Real Est. Venture Partners Corp. v Bank of New York Mellon*, 221 AD3d 943, 946 [2d Dept 2023] [holding that under FAPA, "the voluntary discontinuances of the prior actions did not serve to revive or reset the statute of limitations"]). For the foregoing reason, Plaintiff's motion for leave to renew its summary judgment motion is denied.

### *(2)*

### *Defendant Deane's Summary Judgment Cross-Motion*

Defendant Deane's summary judgment cross-motion similarly has no merit because the Second Department holding in *Kessler* was reversed by the Court of Appeals' subsequent decision in *Kessler* issued on February 14, 2023, after Deane's cross-motion was *sub judice*.

Importantly, in *Bank of Am. v Kessler*, the Court of Appeals specifically rejected the bright-line rule imposed by the Second Department, and held that statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure do not constitute "other notices" that must be sent in a separate envelope from the RPAPL § 1304 notice and "application of a bright-line rule would contravene the legislative purpose" of RPAPL § 1304 (*Bank of Am., N.A. v Kessler*, 39 NY3d 317, 326 [2023]). Based on the Court of Appeals' holding in *Kessler*, the RPAPL § 1304 notice at issue in this action was proper, despite the fact that it included additional

7

information in the notice. Consequently, Deane's summary judgment cross-motion is denied. Accordingly, it is hereby

**ORDERED** that Plaintiff's motion (mot. seq. four) for an order granting it leave to renew its summary judgment motion, pursuant to CPLR 2221 (e), is denied; and it is further

**ORDERED** that Defendant Deane's cross-motion (mot. seq. five) is only granted to the extent that Plaintiff's renewal motion is denied; the cross-motion is otherwise denied.

This constitutes the decision and order of the court.

E N T E R,

_____

J.  S.  C. Hon. Cenceria P. Edwards, CPA

8